(174 App. Div. 106)

### GREGORY v. MANHATTAN BRIAR PIPE CO.

(Supreme Court, Appellate Division, Second Department. September 29, 1916.)

LANDLORD AND TENANT ⊝⟿152(4)—LIABILITY FOR REPAIRS—LEASE—CONSTRUCTION.

Under lease requiring lessee to pay for all repairs except to the roof or outside or foundation walls, and to conform to regulations of city, county, and state authorities, he is liable for installation of new girders, and strengthening floors and girders, on the order of the city building department, to render the premises safe, made necessary by his use of the premises.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 541–543; Dec. Dig. ⊝⟿152(4).]

Appeal from Trial Term, Kings County.

Action by George D. Gregory against the Manhattan Briar Pipe Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before STAPLETON, MILLS, RICH, and PUTNAM, JJ.

Lyttleton Fox, of New York City (Ernest Rhea Early, of New York City, on the brief), for the appellant.

Alfred T. Davison, of Brooklyn (Clarence E. Thornall, of New York City, on the brief), for the respondent.

PUTNAM, J. The landlord has been adjudged $2,231.38 for expense of outlays upon the demised buildings ordered by the local building department, which the defending tenant had refused to make. In December, 1905, plaintiff's assignor leased to defendant for 10 years the premises in Jersey City, which defendant used to manufacture tobacco pipes.

The lease had the following covenants:

"The burden of keeping the buildings and machinery in repair shall be borne by the lessee, except that in the event any of said buildings having to be newly roofed, or the foundations or any of the outside walls of any of said buildings shall become impaired, then the cost of putting on said new roof or repairing said foundations or outside walls shall be borne by the lessor, unless said impairment is caused by overloading or other negligent act of the lessee. * * *

"The lessee shall respect and fully perform all the ordinances of the board of health and all other local municipal, county or state authorities, and as to any or all such ordinances and requirements, the lessee will protect and save the lessor harmless."

In 1912 the Jersey City Building Department ordered certain interior repairs to conform to the local building code, such as to strengthen floors and girders, and in certain parts to install new girders. The tenant refused, so that the landlord did the work at an expense undisputed, of $2,231.38, for which he has judgment.

By the lease defendant covenanted to make every description of repairs, except two kinds, viz.: New roofs, or restoring foundations or outer walls. The lessor has to bear the cost of new roofing. He has also to repair these foundations or outside walls unless such impairment were by overloading or the tenant's negligence. The tenant undertook also to comply with all the regulations of municipal depart-

⊝⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ments. These repairs which are the subject of this action were not to make good the foundations or outside walls. Appellant's contention that these repairs involved the excepted building foundations is without merit.

Appellant relies on Herald Square Realty Co. v. Saks & Co., 215 N. Y. 427, 109 N. E. 545, where display windows and other encroachments beyond street lines were ordered to be removed from the leased building. When the lease was given, such projections had long been permitted. Although Saks & Co. had agreed to comply with all requirements of the municipal departments, they were held not bound to incur this unforeseen expense of removing such exterior building projections demanded in the course of a novel enforcement of the city's authority. The case at bar is quite different. Appellant was called on to make the building safe. The order to strengthen the floors and the need of other girders was from the use to which defendant had put these demised buildings. Markham v. Stevenson Brewing Co., 104 App. Div. 420, 93 N. Y. Supp. 684; Id., 111 App. Div. 178, 97 N. Y. Supp. 604; Id., 188 N. Y. 593, 81 N. E. 1169.

Under its express and very broad covenant, appellant was rightly held answerable for these repairs.

Hence I advise that the judgment be affirmed, with costs.

STAPLETON, MILLS, and RICH, JJ., concur.