ROBERTA FIELD FRANK, Respondent, *v.* SIDNEY B. BOWMAN AUTOMOBILE COMPANY, Appellant.

First Department, February 4, 1921.

**Landlord and tenant — when tenant required to make changes ordered by fire department as condition to issuance of permit to maintain garage.**

Where a fifteen-year lease of a building constructed primarily by the landlord for the tenant for the purposes of a garage provided that if the automobile business became depressed the building might be used for stores with certain limitations, and the tenant covenanted and agreed at its own expense " to comply with and execute all lawful orders and regulations of the Board of Health, Police Department and city corporation relating to said premises," said tenant was liable for the expense of inclosing certain staircases with fire-resisting partitions and doing certain other work pursuant to an order of the fire department issued about ten years after the defendant had been in possession and as a condition to the issuance of a license to run a garage, said requirement being peculiarly the result of the very use to which the tenant was putting the building.

APPEAL by the defendant, Sidney B. Bowman Automobile Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 24th day of February, 1920, upon the verdict of a jury rendered by direction of the court, and dismissing defendant's counterclaim upon the merits, and also from an order entered in said clerk's office on the 10th day of May, 1920, denying defendant's motion for a new trial made upon the minutes.

*Daniel S. Murphy* of counsel [*Richard T. Greene* with him on the brief; *Greene & Hurd*, attorneys], for the appellant.

*Isadore Shapiro* of counsel [*Guggenheimer, Untermyer & Marshall*, attorneys], for the respondent.

SMITH, J.:

The plaintiff, the landlord, sues the defendant, the lessee, for rent. The only answer is a counterclaim for the moneys paid by the defendant in making certain alterations to the building required to be made by the fire department of the city of New York.

First Department, February, 1921.          [Vol. 195.

The defendant held under a fifteen-year lease at about $15,000 a year. The building was built primarily by the landlord for the tenant for the purposes of a garage. It was provided in the lease, however, that if the automobile business became depressed so that the building could not be used for a garage, it might be used for stores with certain limitations. The building evidently was one which could be adapted for stores or for business other than a garage. After the defendant had been in possession of the lease for about ten years the fire department required the defendant as a condition to the issuance of a license to the defendant to run a garage, to inclose certain staircases with fire-resisting partitions, build a fireproof partition in the fifth floor and do certain other work. The building was only five ·stories in height. Application was made by the tenant to the landlord to make these changes. The landlord refused. The defendant, thereupon, made them at its own expense amounting to about $2,000, and seeks by its counterclaim to recover the moneys that it paid therefor.

The sole question in the case is whether the changes required by the fire department were changes which under the lease the defendant was required to make at its own expense. Under the 7th paragraph of the lease the lessee was required to make all necessary repairs on the outside as well as the inside of the building. The lease then reads: "And the party of the second part further covenants and agrees at its own expense to comply with and execute all lawful orders and regulations of the Board of Health, Police Department and city corporation relating to said premises."

This requirement of the fire department was a requirement of the city government. Cases have arisen involving a question as to whether the intent of the lease was to require the tenant to comply with these orders at his own expense, or whether the changes ordered were so structural as not to be within the intended requirement of the lessee to make the changes at his own expense. There have been cases where a portion of the building extended out into the street which had been permitted for many years prior and where the city required the extension to be removed. (*Herald Square Realty Co.* v. *Saks & Co.*, 215 N. Y. 427.) In such cases ordinarily

the landlord has been required to make the changes, and in some cases it is stated in the opinion that there was a change in the policy of the city. Cases have also arisen where the inclosures of the stairways and the building of partitions have been held to be requirements for which the landlord must pay and not the tenant. (*Bubeck* v. *Farmers' Loan & Trust Co.,* 180 App. Div. 542; *Younger* v. *Campbell,* 177 id. 403; *Higgins* v. *Carter's Ink Co.,* 178 id. 889.) Admittedly, however, the question is simply one of intention. It is not every new requirement that indicates a change of policy which places upon the landlord the liability for the expense of the change. If that were held, then this provision in the lease that the tenant at its own expense should comply with all the requirements of the city government would in large part be nullified. The length of the term of the lease has been held to be one of the elements in determining the intention of the parties. (*Younger* v. *Campbell, supra.*) The cost of the requirement relative to the rental required to be paid has been held to be another. But, most pertinent to this case is the fact that this landlord was not required to change this building, but the requirement was only placed upon the tenant in order to enable it to continue to make the use it desired to make of the building. (*Cohen* v. *Margolies,* 192 App. Div. 217. See also dissenting opinion in same case.)

In *Gould* v. *Springer* (206 N. Y. 647) Judge VANN says, in discussing this rule of law: " The rights and obligations of the parties depend on the lease. There was no covenant on the part of the lessors to make repairs of any character, and, hence, as between themselves and the lessee they were under no obligation to comply with the order made in 1904. [Citing cases.] While they might have been subject to an action for a penalty brought by the city that was no concern of the lessee and gave him no right to compel action by the lessors. Even if non-compliance should result in the closing of the theatre, the lessee would have no remedy against the lessors, for he had failed to protect himself against such a contingency by an appropriate covenant."

In *Gregory* v. *Manhattan Briar Pipe Company* (174 App. Div. 106) some floors were required by the building department to be strengthened, and it was held that the tenant was

liable for the cost of those repairs, the opinion reading: "Appellant was called on to make the building safe. The order to strengthen the floors and the need of other girders was from the use to which defendant had put these demised buildings."

In *Jacobs* v. *McGuire* (77 Misc. Rep. 119) a fire escape was ordered for which the lessee was required to pay. In that case the opinion reads: " I do not see, however, how the distinction which I have pointed out between the form of the leases referred to warrants our holding that the erection of a fire-escape, rendered necessary by the very use of the premises made by the tenant, was outside of the contemplation of the parties, evidenced by the agreement of the tenant to comply with the appropriate city ordinances."

The changes required as a condition of the granting of a permit to the lessee to use this building as a garage was by reason of the fact of gasoline left in the cars when they were stored there. The requirement, therefore, was peculiarly the result of the very use to which the tenant was putting the building. After the termination of the lease in five years the building may not be used for a garage, but may be used for stores or for other purposes. There is every reason in my judgment for holding that a requirement of the city departments made by reason of the very use to which the tenant is putting the building and made as a condition to the issuance of a permit for such use, should rest upon the tenant, not upon the landlord.

The judgment and order should, therefore, be affirmed, with costs.

CLARKE, P. J., LAUGHLIN, PAGE and MERRELL, JJ., concur.

Judgment and order affirmed, with costs.