ABRAHAM D. COHEN et al., Respondents, v. E. & J. BASS, INC., Appellant.

·Landlord and tenant — lease — provision that lessee will comply with all orders of city departments covers installation of sprinkler system — judgment by landlord against lessee for cost of installing sprinkler system in ·basement of demised premises as ordered by fire department — action by lessee to recover amount of judgment from sublessee of basement, under lease containing identical provisions — "vouching in" issue whether safety of entire premises required installation material — intention of parties sought from reasonable construction of agreement — defendant not bound by determination of action against its lessor until it be determined that duty to install sprinklers rested primarily on it.

1. Provisions in a lease, by the terms of which the lessee agrees to execute and comply with all orders of the city or its governmental departments which are "applicable to the demised premises," cover the installation of a sprinkler system ordered by the fire department. A further provision relative to repairs, alterations and modifications of the sprinkler system, ordered by the Board of Fire Underwriters

or the Fire Insurance Exchange, does not become operative until the system is installed. The two clauses relate to two distinct situations and are to be read disjunctively and not as excepting the sprinkler system from the operation of the first clause.

2. In an action to recover from the sublessee of a portion of premises leased by plaintiffs the amount of a judgment recovered by the landlord against them for the cost of installing a sprinkler system in the subleased premises as ordered by the fire department, it being alleged that the sublessee had been properly " vouched in " and was bound by the judgment in the action by the landlord, the provisions of the plaintiff's lease and of the sublease to defendants being identical in regard to the obligation to comply with the orders of city authorities, it cannot be said that an issue in the action as to whether the sprinkler system was ordered because the character of defendant's occupancy of the premises made them more dangerous or because the safety of the entire premises required such installation, is immaterial and that as matter of law the order of the fire department was " applicable to the demised premises " alone, merely because the sprinkler system was there installed. Location is not the governing consideration. The order may be applicable to the entire premises when fairly considered. The intention of the parties should be sought from a reasonable construction of their agreement, having in mind the rent payable, the terms of the lease, the nature of the construction required, the relative benefit to the respective parties and what they had in contemplation when they executed the agreement.

3. The action is on a judgment. Plaintiffs have been held liable to their landlord for the cost of installing the sprinkler system. Defendant, if liable over to the plaintiffs therefor, should be concluded by the judgment in the action of which it had notice and an opportunity to defend. The court must determine in this action, however, whether, as between the parties hereto, the duty of installing the sprinkler system rests primarily on defendant before it can be held bound by the determination of the action against the plaintiffs.

*Cohen* v. *Bass, Inc.*, 220 App. Div. 705, reversed.


(Argued October 7, 1927; decided October 28, 1927.)


APPEAL from a judgment, entered April 11, 1927, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which modified and affirmed as modified an order of Special Term granting a motion by plaintiffs for judgment on the pleadings.

*Jonas J. Shapiro* and *Lawrence S. Greenbaum* for appellant. The general provision to comply with all orders is limited by the particular provision relating to sprinklers. (*City of New York* v. *U. S. Trust Co.,* 116 App. Div. 349; *Holden* v. *O'Brien,* 209 App. Div. 266; 240 N. Y. 560; *O'Keeffe* v. *City of New York,* 173 N. Y. 474; *Bers* v. *Erie R. R. Co.,* 225 N. Y. 543; *Krulewitch* v. *Nat. Importing & Trading Co.,* 195 App. Div. 544.) The cost of installation being wholly disproportionate to the rent reserved and to the duration of the lease, and involving structural changes, does not come within the general provision. (*Second U. C. R. Corp.* v. *Price & Schumacher Co.,* 242 N. Y. 120; *Holden* v. *O'Brien,* 209 App. Div. 266; 240 N. Y. 560; *Herald Sq. Realty Co.* v. *Saks & Co.,* 215 N. Y. 427; *Younger* v. *Campbell,* 177 App. Div. 403; *City of New York* v. *United States Trust Co.,* 116 App. Div. 349.) In any event summary judgment should not have been granted. (*First National Bank* v. *Dana,* 79 N. Y. 108; *Gardner* v. *Clark,* 17 Barb. 538; *Leinkauf* v. *Lombard, Ayres & Co.,* 112 App. Div. 302; *People* v. *Walker,* 198 N. Y. 329; *People* v. *Reynolds,* 214 App. Div. 21; *Hanna* v. *Mitchell,* 202 App. Div. 504; 235 N. Y. 534; *Gen. Investment Co.* v. *Interborough R. T. Co.,* 235 N. Y. 133.)

*Louis H. Levin* and *Joseph Steinberg* for respondents. The defendant was obligated to install an automatic sprinkler system under the terms of its lease made with plaintiffs. (*Gould* v. *Springer,* 206 N. Y. 641; *Deutsch* v. *Hoe Estate Co., Inc.,* 174 App. Div. 684; *Frank* v. *Bowman Automobile Co.,* 195 App. Div. 377; 233 N. Y. 548; *Cohen* v. *Margolies,* 192 App. Div. 217; 232 N. Y. 584; *Melcher* v. *Sober,* 120 Misc. Rep. 378; 208 App. Div. 799.) The defendant was duly "vouched in" in the Tanenbaum action and is bound by the judgment rendered therein. (*Olmstead* v. *Rawson,* 188 N. Y. 517; *Moretti* v. *Bostwick,* 127 App. Div. 701; *City of Rochester* v. *Campbell,* 123

N. Y. 405; *Nat. Metal Edge Box Co.* v. *Gotham,* 125 App. Div. 101; *Village of Port Jervis* v. *First Nat. Bank,* 96 N. Y. 550; *Fulton* v. *Hudson,* 200 N. Y. 297; *City of New York* v. *Lloyd,* 148 App. Div. 146; *Lord Electric Co.* v. *Barber,* 165 App. Div. 399.) The plaintiffs are entitled to judgment in any event. (*Goldblatt* v. *Sherman,* 123 Misc. Rep. 222; *Sutton* v. *Duntley,* 205 App. Div. 662; *Coutts* v. *Craft,* 119 Misc. Rep. 260; *Rotenbach* v. *Young,* 119 Misc. Rep. 267; 237 N. Y. 620; *Peabody* v. *Interborough R. T. Co.,* 212 App. Div. 502.)

POUND, J. The action is brought on a judgment recovered against plaintiffs by their landlord, Johanna Tanenbaum, for the cost of installing a sprinkler system in the basement of the premises 25–27 West Houston street, in the borough of Manhattan, city of New York, pursuant to an order made by the fire department, bearing date December 31st, 1920.

The complaint contains the following allegations:

That on the 16th day of October, 1919, plaintiffs entered into a lease with Johanna Tanenbaum, covering the store and basement of premises 25–27 West Houston street, for a term of three years commencing February 1st, 1920; that on December 31st, 1919, plaintiffs entered into a lease with the defendant covering the basement portion of the premises referred to, for the term of three years, commencing February 1st, 1920; that the two leases, the one made to the plaintiffs, and the one to the defendant, are identical in form, each containing provisions which read as follows:

(a) " The lessee agrees to execute and comply with promptly, at his own expense, all present or future rules, regulations, requirements, notices, laws, orders and ordinances of the City of New York, the State of New York, the United States of America and all other governmental authorities, and any and all of their departments,

bureaus, commissions, and subdivisions, which are or may be or become applicable to said demised premises or any part thereof, or require or direct anything to be done or omitted in or upon said demised premises or any part thereof during said term, whether the change or expense involved in such compliance is ordinary or extraordinary, of the sort commonly imposed or not of that sort. * * *."

(b) " The lessee further agrees to make promptly, at his own expense, *all repairs, alterations and modifications of the autcmatic sprinkler system and (or) automatic fire alarm, if there be either or both in the demised premises,* which may be directed to be made by the New York Board of Fire Underwriters, or the New York Fire Insurance Exchange, or the successors of either or both of said bodies, or any board or body hereafter exercising functions similar to those of either of said bodies, by reason of partitions or obstructions erected or maintained, by the lessee, or by reason of the manner of placing merchandise, machinery, or other things in the demised premises; " that the lease between the parties contained an agreement not to use the premises for any purpose more injurious thereto than the storage of metal goods, glass, etc., but defendant suffered the premises to be used for the sale and storage of paper boxes and excelsior; that on or about December 31st, 1920, the fire department of the city of New York issued an order requiring the installation of a sprinkler system in the basement portion of the premises above referred to; that the plaintiffs refused and failed to comply with the order, claiming that it was the duty of the defendant under its lease to comply therewith; that the defendant failed and refused to comply with the order; that Johanna Tanenbaum, the owner, complied with the order at an expense of $2,360 and instituted an action against the plaintiffs to recover the cost thereof, together with interest thereon from the date of payment; that the plaintiffs herein caused

an answer to be interposed in the Tanenbaum action; caused a notice to be served upon the defendant herein to the effect that the plaintiffs claimed to be entitled to recover from defendant, to the same extent as Tanenbaum would recover against the plaintiffs; and requested the defendant herein to defend the Tanenbaum action and to take such proceedings in connection therewith that the defendant might see fit and proper, and stated therein the position of the Tanenbaum action upon the calendar; that on November 23d, 1925, a further notice was served upon the defendant notifying it that the Tanenbaum action was about to be reached for trial; that on January 14th, 1926, the Tanenbaum action came on for trial and was defended by the plaintiffs herein, resulting in a directed verdict in favor of Johanna Tanenbaum, and against the plaintiffs herein, for the amount claimed with interest aggregating the sum of $2,789.52. Judgment was entered thereon; that defendant herein refused and failed to defend the Tanenbaum action; that plaintiffs instituted this action to recover the amount of the judgment recovered against them by the landlord, Johanna Tanenbaum, for the cost of installing the sprinkler system, together with a reasonable counsel fee incurred by the plaintiffs in defending the Tanenbaum action.

The answer puts in issue the allegations in the complaint that defendant was obligated by the terms of its lease to install the sprinkler system; that it made the place more injurious by the conduct of its business; and that it was bound by the Tanenbaum judgment.

Plaintiffs moved to strike out the defendant's answer and for summary judgment on the pleadings, which motion was granted at Special Term, the order directing, however, the assessment of plaintiffs' damages by a jury. Both the plaintiffs and defendant appealed from the order of the Special Term, and the Appellate Division modified it by granting judgment for the plaintiffs for the amount

of the judgment recovered against them in the Tanenbaum action.

The respondents contend that the defendant was obligated to install the sprinkler system under the terms of its lease with the plaintiffs and was bound by the judgment in the Tanenbaum action on being properly "vouched in," and that the question as to whether the defendant was using the premises for purposes more dangerous than those stipulated in the lease, is immaterial.

Appellant first contends the defendant's lease does not cover the installation of a sprinkler system in any event; that the specific reference to a sprinkler system in clause (b) above, by implication excludes such system from the operation of clause (a). On the question of the proper construction of the lease in this regard, we are in accord with the decision below in including such system in paragraph (a). By its terms, the defendant lessee agrees to execute and comply with all orders of the city of New York or its governmental departments which are "applicable to the demised premises" whether the charge or expense is ordinary or extraordinary. Nothing suggests that this agreement applies to all orders except an order requiring the installation of an automatic sprinkler system. The clause (b) relative to repairs, alterations and modifications of the sprinkler system ordered by the New York Board of Fire Underwriters or the New York Fire Insurance Exchange does not become operative until the system is installed. The two clauses relate to two distinct situations and are to be read disjunctively and not as excepting the sprinkler system from the operation of the first clause. Words of general description do not follow words of particular description in relation to the same subject-matter and the rule of *ejusdem generis* has no application.

The question remains, however, whether the order is "applicable to the demised premises" (the basement) within the reasonable construction of the lease. Parties

may make their own bargains and they should be held to the terms of their agreement, but in ascertaining the fair intent and meaning of the lease we may not overlook the fact that the entire rental of the basement for the short term of three years is $4,500, and that the cost of installation is more than one-half of that amount; that it is alleged that plaintiffs had been notified to install the sprinkler system prior to the time when defendant took possession of the premises; that the complaint itself contains an allegation from which it may be inferred that the order was due to defendant's more hazardous use of the premises and that defendant denies this allegation.

Whether the sprinkler system was ordered because the character of defendant's occupancy of the premises made them more dangerous or because the safety of the entire premises required such installation is thus at issue in this action. We cannot say that this is an immaterial question and that as a matter of law the order of the fire department was " applicable to the demised premises " alone, merely because the sprinkler system was installed in the basement. Location is not the governing consideration. It may be that the order is applicable to the entire premises when fairly considered. We seek the intention of the parties, not as much from the letter of the lease as from a reasonable construction of their agreement, having in mind the rent payable, the terms of the lease, the nature of the construction required, the relative benefit thereof to the respective parties, and what the parties had in contemplation when they executed this agreement. (*Second U. C. R. Corp.* v. *Price & Schumacher Co.,* 242 N. Y. 120.) If the order is applicable to the safety of the entire premises defendant ought not to pay therefor. If it is applicable to conditions existing in the basement alone defendant should be held liable.

This is an action on a judgment. Plaintiffs have been held liable to their landlord for the cost of installing the

sprinkler system. Defendant, if liable over to the plaintiffs therefor, should be concluded by the judgment against plaintiffs of which it had notice and an opportunity to defend. If it is not thus liable over to the plaintiffs herein, the question of its liability was not adjudicated in the former action and it is not concluded by the judgment.

The rule which governs liability where a third party has been " vouched in " is thus stated:

" * * * The theory of the rule that a party who is liable over and has notice and an opportunity to defend an action is bound by the judgment is not limited to cases of direct liability or suretyship, or those where the liability is predicated upon the same contract or duty. The rule is based on sound public policy in order that different judicial decisions may not be made on the same state of facts, and to prevent the same questions being litigated over and over in different suits, and it applies where any privity exists between the parties by which one is liable over to another. It is not essential that the party who is ultimately liable shall be liable on the same contract or could have been held liable in the former action, or that he shall be directly a party to the transaction by which the person to whom he is liable over becomes obligated; it is sufficient that between him and the party sued, the duty for a violation of which the action is brought rests primarily upon him, and that the material facts have been litigated in the former action of which he had notice and an opportunity to defend." (*Prescott* v. *LeConte*, 83 App. Div. 482, 490; affd., 178 N. Y. 585.)

The question whether the provision of defendant's lease is applicable to the basement as distinguished from the entire premises leased by plaintiffs was not litigated and determined in the previous action. The court must determine in this action whether, as between the parties hereto, the duty of installing the sprinkler system rests

primarily on defendant before defendant can be held bound by the determination of the Tanenbaum action.

The judgment of the Appellate Division should be reversed and plaintiffs' motion denied, with costs in all courts.

CARDOZO, Ch. J., CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment accordingly.