Francis X. Conlon, J.
This is an action by a landlord of a commercial building for a declaratory judgment to the effect that defendant, the lessee of the entire structure, is under an obligation to comply, at the latter’s expense, with an order of the fire department directing that an automatic dry sprinkler system be installed on the first and second stories of the building. In addition, plaintiff seeks judgment directing defendant to comply with the order of the fire department.
The lease here involved was executed on May 24, 1955, for a term commencing October 1, 1955, and ending September 30, 1960. At the time the lease was made, defendant was in possession of most of the ground floor of the four-story building, under a prior lease, covering the period from October 1, 1950, to September 30, 1955, and demising only certain portions of the ground floor. The rest of the building was unoccupied. The defendant used the leased portion of the ground floor as “ a wholesale paper warehouse and sundry articles ”. In order to obtain additional space, defendant entered into the current lease for the whole building. Under the terms of the current lease defendant is to pay the taxes in addition to a fixed monthly rental. Defendant expressly covenants, also, to make all outside as well as inside repairs, " including the roof of said premises and all areas adjacent thereto and part thereof” and even to repair all “ damages caused by the elements ”. Defendant also assumed the obligation to provide heat for the premises. The evidence establishes (1) that defendant, at the time the current lease was made, was aware that extensive alterations would be necessary to enable it to enter into legal occupancy of the second floor of the building (the third and fourth floors are still vacant); (2) that defendant had promised to make the necessary alterations at its own expense, except for a small contribution by the lessor to the cost of new flooring for the second floor; (3) that defendant was obligated to make the alterations; and (4) that defendant had commenced the alterations and filed plans therefor even before the signing of the current lease. The alterations made by defendant included the erection of two concrete stairways from the first to the second floor; the installation of concrete walls; the erection of steel stairs and railings as well as steel supports; the bricking up of various areas; the installation of new flooring on the second floor, etc. However, when *1100 the fire department issued its order for the installation of a sprinkler system, defendant balked at complying therewith and took the position that it was not obligated, under the provisions of the lease, to make the expenditures required in order to comply with said order.
The printed portion of the lease contains a provision reading as follows: ‘ ‘ 3rd. That the Tenant shall promptly execute and comply with all statutes, ordinances, rules, orders, regulations and requirements of the Federal, State and City Government and of any and all their Departments and Bureaus applicable to said premises, for the correction, prevention, and abatement of nuisances or other grievances, in, upon, or connected with said premises during said term; and shall also promptly comply with and execute all rules, orders and regulations of the New York Board of Fire Underwriters for the prevention of fires at the Tenant’s own cost and expense.”
Paragraph 42d of the lease, in typewriting, provides that: “Any violations filed against said premises shall be removed by the tenant. Any changes or alterations which may be required by law or by the appropriate department of any governmental agency resulting from the occupancy of the premises by the tenant shall be made by the tenant at tenant’s own expense.” (Italics supplied.)
The files of the fire department show that the order for the installation of a sprinkler system was based upon the storage on the first and second floors of “large quantities of finished paper products in rolls, cartons and other original containers ” and upon the unfitness of the building’s construction for such use in the absence of a sprinkler system.
Concededly the question of a sprinkler system had never been discussed or mentioned by either of the parties prior to the issuance of the fire department order. It is well settled that the question of which of the parties to a lease is obligated to comply with an order of a governmental department, agency or bureau depends upon the intention of the parties as expressed in the lease, or, if the lease is silent, upon their presumed intention under all the circumstances of the case (Cohen v. E. & J. Bass, Inc., 246 N. Y. 270, 277; Frank v. Bowman Automobile Co., 195 App. Div. 377, 379, affd. 233 N. Y. 584; Holden v. O’Brien, 209 App. Div. 266, 270; Deutsch v. Hoe Estate Co., 174 App. Div. 685, 689, 690; Cohen v. Margolies, 192 App. Div. 217, affd. 232 N. Y. 584). In Holden v. O’Brien (supra) where the holding was that the tenant was not obligated to comply with an order for the removal of a front stoop, the court, after declaring that the fact that the required change might be of a structural nature was not always decisive, said (p. 269): “We must seek the *1101 intention of the parties from the obligations assumed by the lease.” In Cohen v. E. & J. Bass, Inc. (supra), the Court of Appeals stated that it was important to determine whether the subtenant’s occupancy made the premises more hazardous and caused the order directing the installation of a sprinkler system. The court also declared (p. 277) that it was necessary to ascertain the fair intent and meaning of the sublease. In Frank v. Bowman Automobile Co. (supra), the tenant’s covenant to comply with governmental orders made no mention of structural or extraordinary changes. Nevertheless, the Appellate Division in this department held that the tenant was obligated to comply with an order requiring the enclosure of staircases with fire resisting materials and the building of fireproof partitions. The court stated that the most pertinent fact was that the order was issued for the purpose of enabling the tenant to use the building for the purpose of operating its garage business. The Court of Appeals affirmed (233 N. Y. 584). The court cited Gregory v. Manhattan Briar Pipe Co. (174 App. Div. 106, affd. 226 N. Y. 561) where a tenant was held liable to comply with an order for the strengthening of floors, made necessary by reason of the tenant’s use of the premises. The tenant’s covenant in the Gregory case (supra) said nothing about structural changes. In Cohen v. Margolies (supra), the tenant’s covenant to comply with governmental orders did not mention the word ‘' structural ’ ’. Nevertheless, the court held that the intent of the parties was controlling (pp. 219-220) and that the tenant was obligated to install fire escapes which were necessary because of its use of the premises for commercial purposes.
Cases such as Herald Square Realty Co. v. Saks & Co. (215 N. Y. 427) and Holden v. O’Brien (supra) involving orders to remove stoops or other encroachments because of a change of governmental policy, are clearly inapplicable here. They are based on the theory that the parties could not have intended that the tenant was to be obliged to comply with orders of that character. In Deutsch v. Hoe Estate Co. (supra), a lessee of a whole building, who had covenanted to make exterior as well as interior repairs, and whose covenant to comply with governmental orders said nothing about structural changes, was held liable to comply with an order requiring the installation of a fireproof passage from the foot of a fire escape to the street. Mr. Justice Page, writing for the Appellate Division in this department, pointed out that intent was the test, and cases such as Herald Square Realty Co. v. Saks & Co. (supra) were expressly distinguished because they related to removal of encroachments (pp. 689-690).
In Younger v. Campbell (177 App. Div. 403) cited by defendant, it was held that a covenant to comply with governmental *1102 orders did not require the lessee to obey an order directing the installation of fire escapes and other structural work. In that case, however, the lease did not obligate the lessee to make exterior repairs, or to repair the roof. Moreover, the lease did not contain a provision such as paragraph 42d of the lease here involved, which obligates the lessee to make changes or alterations “ resulting from the occupancy of the premises by the tenant ”. Nor had the tenant in the cited case assumed or acknowledged, as did the present defendant, the obligation to make alterations necessary to make its occupancy of the premises legal. Sullivan v. New York United Realty Co. (250 App. Div. 286) also cited by defendant, is likewise distinguishable on the same grounds. In that ease, the court emphasized that there had been no change by the tenant in the use of the premises which had preceded the making of the lease and that the tenant was therefore not responsible for the making of the order requiring structural changes, in the interest of fire prevention.
In the court’s opinion, the defendant is clearly obligated to comply with the order for the installation of a sprinkler system. Defendant had, even prior to the making of the current lease, assumed the obligation to make such alterations and changes, structural and otherwise, as were necessary to legalize its occupancy of the additional space demised to it under said lease. The installation of the sprinkler system is a change of that character. Typewritten paragraph 42d of the lease expressly indicates an intent that defendant was to be responsible for all alterations made necessary by its occupancy of the newly demised space. The other provisions of the lease, which require defendant to keep the exterior of the building, including the roof, in good repair, even as to damage caused by the elements, and which require defendant to furnish its own heat and pay the taxes, without imposing any obligations upon the lessor which are worthy of mention here, tend strongly to confirm the court’s view that the parties to the lease contemplated that an order for the installation of a sprinkler system was to be complied with by defendant at its own expense. The fact that defendant may not have foreseen or anticipated that it would be required to install a sprinkler system is immaterial.
Judgment is directed for plaintiff as prayed for. The motions to dismiss the complaint, upon which decision was reserved, are denied with exceptions to defendant. The foregoing represents the decision of the court.
Settle judgment upon four days’ notice.