■ RAPID ELECTRIC Co., INC., Appellant, v. ROWE HOLDING CORP., Respondent.— Order, Supreme Court, Bronx County, entered April 4, 1974, and the judgment entered thereon on April 16, 1974, unanimously reversed, on the law, the judgment vacated, and defendant's motion pursuant to CPLR 3211 (subd. [a], par. 1) to dismiss the complaint is denied, with leave to plaintiff to serve an amended complaint, excluding therefrom the period prior to September 24, 1970, the date of the commencement of the Civil Court action. Appellant shall recover of respondent $60 costs and disbursements of this appeal. Plaintiff, the tenant of the entire premises known as 1300 Herschell Street, Bronx, seeks to recover from defendant landlord damages for alleged breach of a covenant to repair contained in a 10-year lease agreement between the parties, dated June 18, 1965. On or about September 24, 1970, plaintiff commenced an action in the Civil Court of the City of New York, to recover damages for the alleged breach. Subsequently, plaintiff sought unsuccessfully to transfer the action to the Supreme Court and to increase the *ad damnun* clause. Plaintiff instituted the present action for damages on the theory of a continuing breach with a corresponding increase in damages suffered. Following dismissal of its complaint on the ground that another action (the Civil Court action) is pending between the same parties for the same cause of action, plaintiff appealed to this court. Defendant landlord's obligation to repair, if any, rests upon and is to be determined from the language of the lease. Such language is deemed to express the intention of the parties. If there be ambiguity, such ambiguity may

be resolved by a consideration of such surrounding circumstances as were presumably considered by the parties at the time of the execution of the lease. Plaintiff contends that there was a continuing breach by defendant of its covenant to repair with consequent increasing damages to plaintiff. The action in the Civil Court is not a bar to a later action for additional damages caused by a continued failure to repair, as plaintiff could not in a single action project and recover future damages because the condition could well be corrected. Plaintiff could sue only for damages suffered to the time of the commencement of the action and is not barred from bringing repeated actions *seriatim* for damages if the breach continues and damages result (See *Uline* v. *New York Cent. & Hudson Riv. R. R. Co.*, 101 N. Y. 98). The present Civil Court action extends to and embraces the period prior to its commencement. The action now permitted must exclude such period from the complaint. Concur — Stevens, J. P., Markewich, Murphy, Capozzoli and Nunez, JJ.