■ COLLEGETOWN OF ITHACA, INC., Respondent, v ROWENA FRIEDMAN, Appellant. — Mahoney, P. J.

Plaintiff and defendant entered into a lease agreement involving premises in the City of Ithaca on which plaintiff, as tenant, operated a retail clothing and sporting goods business. Plaintiff had previously rented the premises since 1952; the instant lease involved the period from May 1, 1983 until August 30, 1986. By letter dated March 2, 1984, the city's building inspector informed defendant of significant violations of applicable building codes and stated that the building would be declared unsafe unless repairs were made by April 2, 1984. Defendant demanded that plaintiff correct the deficiencies at its own expense. It appears that the cost of repairs will be about $40,000. Plaintiff responded by commencing this declaratory judgment action seeking, *inter alia,* a declaration regarding which party is required to bear the cost of repairs ordered by the building inspector. Defendant interposed a counterclaim seeking a declaration that plaintiff was required to make all the repairs. The parties each moved for summary judgment and both motions were denied. Defendant has appealed from so much of the order as denied her cross motion for summary judgment.

Defendant contends that, as a matter of law, provisions in the lease impose the burden of making the repairs on plaintiff. The question of which party to a lease is obligated to comply with an order of a governmental agency which requires construction and/or repair at the leased premises depends on the intentions of the parties as expressed in the lease, interpreted in light of the surrounding circumstances (*see, Cohen v E & J Bass,* 246 NY 270, 277; *Deutsch v Hoe Estate Co.,* 174 App Div 685, 690-691). Defendant points out two provisions in the lease which, she contends, unambiguously require plaintiff to make the subject repairs:

"the Tenant shall take good care of the premises and shall, at the Tenant's own cost and expense make all repairs inside and outside the building. [*sic*] and at the end or other expiration of the term, shall deliver up the demised premises in good order or condition, damages by the elements excepted. * * *

"the Tenant shall promptly execute and comply with all statutes, ordinances, rules, orders, regulations and requirements of the Federal, State and Local Governments and of any and all their Departments and Bureaus applicable to said premises, for the correction, prevention, and abatement of nuisances

or other grievances, in, upon, or connected with said premises during said term".

It can hardly be said that these provisions unambiguously require that plaintiff make the substantial repairs in question. Indeed, in cases with similar lease provisions, resolution of whether the tenant was obligated to make government-ordered repairs depended on other facts demonstrating the intention of the parties (*see, Frank v Bowman Auto. Co.*, 195 App Div 377, *affd* 233 NY 584; *4370 Park Ave. Corp. v Hunter Paper Co.*, 10 Misc 2d 1098, *affd* 6 AD2d 684). In this case, since the lease provisions are ambiguous, evidence regarding the parties' intent is necessary (*see, Rapid Elec. Co. v Rowe Holding Corp.*, 47 AD2d 615). Thus, summary judgment on this issue was properly denied.

Defendant also argues that, regardless of whether a triable issue of fact exists regarding plaintiff's obligation to make the repairs, partial summary judgment should have been granted declaring that she had no such duty. In our view, triable issues of fact exist on this issue also.

Generally, absent a covenant by the landlord to repair, a landlord has no duty to make repairs (*see, Howell v Gagliano*, 52 AD2d 1040), including repairs ordered by a municipality (*see, Gould v Springer*, 206 NY 641). However, in other cases such as this, where there existed general covenants by the tenant to repair and to comply with laws, it has been held that the landlord was liable to make repairs ordered by a municipality where such repairs were substantial and structural as opposed to ordinary or incidental (*see, Second United Cities Realty Corp. v Price & Schumaker Co.*, 242 NY 120; *Herald Sq. Realty Co. v Saks & Co.*, 215 NY 427; *Bush Term. Assoc. v Federated Dept. Stores*, 73 AD2d 943; *Mayfair Mdse. Co. v Wayne*, 415 F2d 23; *see generally*, Ann., 22 ALR3d 521, § 7 [a]; § 10 [a]). Whether a landlord in a particular case is required to make repairs ordered by a municipality depends on the language of the lease, as well as circumstances surrounding its creation. Thus, summary judgment was properly denied on this issue.

Order affirmed, with costs. Mahoney, P. J., Casey, Weiss and Levine, JJ., concur.