■ JIHL ASSOCIATES, Respondent-Appellant, v SEYMOUR B. FRANK et al., Defendants and Third-Party Plaintiffs-Respondents. MANN THEATRES CORPORATION OF CALIFORNIA, Third-Party Defendant-Appellant-Respondent, et al., Third-Party

Defendants.—In an action, *inter alia,* to recover damages for breach of a covenant to repair, (1) the third-party defendant sublessee Mann Theatres Corporation of California (hereinafter Mann) appeals, as limited by its brief, from so much of a resettled judgment of the Supreme Court, Nassau County (Kelly, J.), dated July 16, 1986, as is in favor of the plaintiff and against it in the principal sum of $200,000, (2) the plaintiff cross-appeals from so much of that resettled judgment as precluded it from amending its bill of particulars to allege additional damages, and (3) the plaintiff appeals from so much of a judgment of the same court (McGinity, J.), entered June 25, 1987, as limited its award of attorneys' fees and disbursements to $85,763.72. The parties' notices of appeal from three judgments of the Supreme Court, Nassau County (Kelly, J.), all dated July 16, 1986, are deemed notices of appeal from the resettled judgment (CPLR 5520 [c]).

Ordered that the resettled judgment dated July 16, 1986 is affirmed insofar as appealed and cross-appealed from, and the judgment entered June 25, 1987 is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff lessor commenced this action in or about July 1980, *inter alia,* to recover repair costs resulting from the abandonment of the demised premises, two theatres, and Mann's violation of covenants to keep the leased premises in good and sufficient repair throughout the term of the lease and to preserve the fixtures and equipment in good working order and condition. In the spring of 1985, the action was tried jointly with two other actions, resulting in termination of the subject leases and subleases.

We find that the court's award of repair damages in addition to liquidated damages was proper. In interpreting a lease, the court must examine the purposes of the parties and the rights and obligations created thereby *(Farrell Lines v City of New York,* 30 NY2d 76, 82). A reading of the lease indicates that the parties intended to create separate rights and obligations under the covenant to repair and the clause for liquidated damages.

Contrary to Mann's contention, we are convinced that the proper measure of damages is the costs of repair instead of the damage to the reversion, which is generally applied "to avoid windfall recoveries" particularly in cases where the costs of repair or improvements may be unrelated to the landlord's actual damages *(Matter of Overmyer Co. [Texas],* 12 Bankr 777, *affd* 30 Bankr 823). Here, the trial court determined that the

theatres suffered deterioration and vandalism as a result of the closing and abandonment by Mann. Therefore, Mann should pay for the repair to the properties *(see, Gregory v Manhattan Briar Pipe Co.,* 174 App Div 106, *affd* 226 NY 561). We, however, agree with the trial court's decision to deny the plaintiff's motion to amend its bill of particulars to conform to the evidence introduced at trial which showed repair costs of $891,291.50 and $419,711.50, respectively, for both theatres. The plaintiff's bill of particulars set forth the cost of repairing and maintaining the theatres as $200,000. By affidavit dated October 24, 1980, an architect detailed the damages to both theatres and calculated the repair costs as $200,000. The statement of readiness was filed on or about September 24, 1982. "Motions to amend or supplement a bill of particulars are governed by the same standards as those applying to motions to amend pleadings" *(Scarangello v State of New York,* 111 AD2d 798). "Where no prejudice is shown, the amendment [to a bill of particulars] may be allowed 'during or even after trial' " *(Murray v City of New York,* 43 NY2d 400, 405 *[rearg dismissed* 45 NY2d 966], quoting *Dittmar Explosives v A. E. Ottaviano, Inc.,* 20 NY2d 498, 502). "The matter of allowing an amendment is committed 'almost entirely to the court's discretion to be determined on a sui generis basis' " *(Murray v City of New York, supra,* at 404-405, quoting Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3025:4, at 476). Leave to amend " 'shall be freely given' absent prejudice or surprise resulting directly from the delay" *(McCaskey, Davies & Assocs. v New York City Health & Hosps. Corp.,* 59 NY2d 755, 757; CPLR 3025 [b]).

Under the circumstances of this case, permission to amend the bill of particulars during the trial, to substantially increase the repair damages from $200,000 to approximately $1,311,000, would have been extremely prejudicial to Mann, having prepared its case for trial in response to the bill of particulars *(see, O'Hara v Tidewater Oil Co.,* 23 AD2d 870). The plaintiff could have applied to amend the bill of particulars earlier to provide Mann with an opportunity to conduct discovery in connection with the increased claim for repair damages. The explanation proffered—that the tenants and subtenants never requested further proof of damages—is no excuse for the inordinate delay in seeking leave to amend.

Finally, we find that Mann agreed to "save harmless Lessor" from reasonable attorneys' fees incurred by "[a]ny failure on the part of Lessee to perform or comply with any of the covenants, agreements, terms or conditions contained in this

lease on its part to be performed or complied". The agreements of the parties must be enforced in accordance with their terms *(see, Fifty States Mgt. Corp. v Pioneer Auto Parks,* 46 NY2d 573, 575, *rearg denied* 47 NY2d 801). It is ultimately the fact finder's responsibility to decide what constitutes reasonable compensation *(Matter of Ury,* 108 AD2d 816, 817, *lv denied* 64 NY2d 611) and we see no reason to disturb the court's determination in this case. Bracken, J. P., Kunzeman, Spatt and Harwood, JJ., concur.