OPINION OF THE COURT
Wayne A. Feeman, Jr., J.
ISSUES
The plaintiff has brought this action for no-fault benefits pursuant to a policy of motor vehicle insurance. The plaintiff was injured in a collision occurring on October 16, 1986, in the Town of Genesee Falls, Wyoming County. The plaintiff asserts that she is entitled to no-fault benefits, including payments for loss of earnings from work and reimbursement for "other reasonable and necessary expenses,” in excess of the $50,000 *917 aggregate limit for "basic economic loss” set forth in Insurance Law § 5102 (a). The plaintiff bases her assertion on the fact that in supplementation of the basic or Mandatory Personal Injury Protection Endorsement she obtained from the defendant she also secured an "Additional Personal Injury Protection Endorsement”, denominated "Option R-l” from the defendant. The defendant concedes that the R-l endorsement does provide the plaintiff "with a substantial additional coverage for out-of-state accidents” but contends that the endorsement "does not alter the monetary limits of coverage within each category of basic economic loss.”
The defendant further contends that if the plaintiff had wanted to increase the amount of coverage under the "Additional Personal Injury Protection Endorsement” she was required to purchase option R-2, R-3, or R-4.
Pursuant to CPLR 3212 (e), the plaintiff moves for partial summary judgment, asking the court to find in her favor, as a matter of law, on the issue of liability.
Pursuant to CPLR 2215 and 3212, the defendant has cross-moved for summary judgment dismissing the complaint.
ANALYSIS
The plaintiff is correct in asserting that when an insurance policy is being construed, "ambiguities in the policy must be interpreted in favor of the insured” (Scinta v Kazmierczak, 59 AD2d 313, 316 [4th Dept 1977]). On the other hand, as in the case of any written contract, it must be kept in mind that: "[t]he rules of construction are only to be applied to interpret language of ambiguous or doubtful meaning. Thus, if a contract’s language is unambiguous and the words are plain and clear, conveying a distinct idea, there is no need for the court to resort to other means of interpretation, as effect must be given to the intent of the parties which is indicated by the language itself. It has been said that it is only where the language of a contract is ambiguous, uncertain, and susceptible of more than one construction that a court may, under the well-established rules of construction, interfere to reach a proper construction and make certain that which in itself is uncertain. Where the court finds as a matter of law that the contract is unambiguous, evidence of the intention and acts of the parties other than exists in the contract itself plays no part in the decision. In construing a plain contract, clear and explicit in its terms, a court is not at liberty, because of *918 equitable considerations, to obviate objections which might have been foreseen and guarded against.” (22 NY Jur 2d, Contracts, § 188.)
Furthermore, a court may not "remake a contract to implement an unexpressed intention” (22 NY Jur 2d, Contracts, § 190). The Court of Appeals in Cohen v E. & J. Bass (246 NY 270, 276-277) wrote, "Parties may make their own bargains and they should be held to the terms of their agreement”.
It should be noted that a lengthy contract or a complicated contract is not necessarily an "ambiguous” contract, triggering the need for judicial construction.
It should also be noted that in the instant case the language used in the Additional Personal Injury Protection Endorsement "paralleled” the language prescribed by State regulation (11 NYCRR 65.13).
The court concludes, based upon the clear and express language of the additional endorsement, that what the plaintiff acquired through the R-l option was geographically augmented (i.e., out of State) and "additional victim” coverage rather than monetary extension of the "basic economic loss” limits for the named insured. Because of the absence of ambiguity in the policy the court is bound by the language of the policy and is not at liberty to vest additional benefits in the plaintiff not encompassed by the particular option selected by the plaintiff.
Moreover, although the court has equitable authority in certain circumstances (CPLR 103 [a]), there is no showing, or even indication, by the plaintiff that there was fraud, duress, mistake or overreaching in this case which would warrant the court in digressing from the terms of the policy or in otherwise granting relief in equity.
Finally, the court must acknowledge the instruction to the trial courts by the Court of Appeals in Andre v Pomeroy (35 NY2d 361, 364): "Summary judgment is designed to expedite all civil cases by eliminating from the Trial Calendar claims which can properly be resolved as a matter of law. Since it deprives the litigant of his day in court it is considered a drastic remedy which should only be employed when there is no doubt as to the absence of triable issues * * *. But when there is no genuine issue to be resolved at trial, the case should be summarily decided, and an unfounded reluctance to employ the remedy will only serve to swell the Trial Calendar and thus deny to other litigants the right to have their claims promptly adjudicated.”
*919 The defendant has "ma[d]e a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact” (Alvarez v Prospect Hosp., 68 NY2d 320, 324). The burden therefore "shift[ed] to the [plaintiff] to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action” (Alvarez v Prospect Hosp., supra, at 324; Zuckerman v City of New York, 49 NY2d 557, 562). In opposing the cross motion, the plaintiff has not met her burden. While the court has sympathy for the substantial distress which the plaintiff has suffered, and continues to suffer, as a result of the accident, it is constrained by the applicable law to dismiss the complaint.
CONCLUSION
The motion of the plaintiff must be denied, without costs. The cross motion of the defendant must be granted, without costs.