■ JUDITH ROSENBERG et al., Respondents, v 926 PARK AVENUE CORP., Appellant. [679 NYS2d 56] —Order and judgment (one paper), Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered May 1, 1998, insofar as it held that defendant unreasonably withheld its consent to a proposed assignment and that plaintiffs are entitled to seven more automatic renewals of two years each on the lease, and order, same court and Justice, entered June 10, 1998, insofar as it, upon reargument, granted plaintiffs' motion for summary judgment on their first cause of action, directed defendant to execute a consent to assignment within 10 days of notice of entry, and granted partial summary judgment as to liability on plaintiffs' third and fourth causes of action and severed those causes for an assessment of damages, unanimously affirmed, with costs.

Examining the purposes of the parties to the lease and the rights and obligations created thereby (*see, JIHL Assocs. v*

*Frank*, 137 AD2d 655, 656), we agree with the motion court that plaintiff tenants were entitled to rely on the right-to-assign clause, by which defendant landlord agreed not to withhold consent to assignment of the subject lease unreasonably. The court properly found, as a matter of law, that consent to assignment of the subject lease had been unreasonably withheld, since defendant landlord did not prove a reasonable ground for its refusal of consent (*see, F & F Rest. Corp. v Wells, Goode & Benefit*, 61 NY2d 496, 503). Given the extraordinary assignment rights granted in the subject lease, greater than the rights established by statute (*see*, Real Property Law § 226-b [1]), and, in particular, the landlord's promise that it would not withhold its consent to a lease assignment unreasonably, the tenants had the right to compel the landlord's consent once it was established that the landlord had no reasonable ground to refuse permission for the assignment. The tenants' rights in this regard are not affected by luxury deregulation laws or regulations, since the subject lease entered into by the landlord, in its presently relevant aspects, affords tenants protections greater than those minimally mandated by the rent stabilization laws (*see, Minick v Park*, 217 AD2d 489, 490). We have considered defendant landlord's remaining arguments and find them to be unpersuasive. Concur—Lerner, P. J., Milonas, Ellerin, Rubin and Williams, JJ.