■ UNIVERSAL COMMUNICATIONS NETWORK, INC., Appellant-Respondent, v 229 WEST 28TH OWNER, LLC, Respondent-Appellant, et al., Defendant. [926 NYS2d 479]—

Order and judgment (one paper), Supreme Court, New York County (Charles E. Ramos, J.), entered January 7, 2011, which granted defendant 229 West 28th Owner, LLC's CPLR 3211 (a) (1) and (7) motion and dismissed, with prejudice, the amended complaint, granted 229 West's motion to vacate a previously

entered *Yellowstone* injunction and awarded judgment to 229 West of disputed rent being held in escrow by the parties' law firms, denied plaintiff's cross motion for a voluntary discontinuance without prejudice pursuant to CPLR 3217 (b), and denied 229 West's motion for attorneys' fees, unanimously modified, on the law, the application for attorneys' fees granted and the matter remanded for calculation of said award, and otherwise affirmed, without costs.

Having accorded the complaint a liberal construction, accepted the facts as true, and made all inferences in plaintiff's favor (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), the motion court correctly dismissed it. Initially, the obligation to pay rent pursuant to a commercial lease is an independent covenant, and thus, cannot be relieved by allegations of a landlord's breach, absent an express provision to the contrary (*see Westchester County Indus. Dev. Agency v Morris Indus. Bldrs.*, 278 AD2d 232, 232-233 [2000], *lv dismissed* 96 NY2d 792 [2001]; *see also Towers Org. v Glockhurst Corp.*, 160 AD2d 597 [1990]). Here, the claims asserted are also barred by the express language of the lease between the parties.

Plaintiff failed to allege an actual eviction because it did not plead that it was "wrongfully oust[ed] . . . from physical possession of the leased premises" (*see Barash v Pennsylvania Term. Real Estate Corp.*, 26 NY2d 77, 82 [1970]; *see also Sapp v Propeller Co.*, 5 AD3d 181, 182 [2004]). In fact, plaintiff admits that it retained possession and continued to perform construction therein. For this reason, plaintiff's constructive eviction claim must also fail (*Barash*, 26 NY2d at 83; *see also Pacific Coast Silks, LLC v 247 Realty, LLC*, 76 AD3d 167, 172-173 [2010]).

The court properly vacated the *Yellowstone* injunction and awarded defendant the *Yellowstone* escrow funds, which represented a portion of the rent that had been improperly withheld by plaintiff. The sole purpose of a *Yellowstone* injunction is to "maintain[ ] the status quo so that a commercial tenant, when confronted by a threat of termination of its lease, may protect its investment in the leasehold by obtaining a stay tolling the cure period so that upon an adverse determination on the merits the tenant may cure the default and avoid a forfeiture" (*Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc.*, 93 NY2d 508, 514 [1999]). *Yellowstone* injunctions, however, also protect landlords like defendant because, "much like a bond, [the *Yellowstone* injunction] ensure[s] that [a landlord gets] paid when the day of reckoning finally arrive[s] in . . . protracted litigation" (*Graubard*, 93 NY2d at 515). Plaintiff's day of reckoning is upon it.

Because the lease provided for payment of reasonable attorneys' fees, the court erred in failing to grant defendant's application for such an award (*see Sun Mei Inc. v Chen*, 21 AD3d 265, 266 [2005], *lv denied* 6 NY3d 711 [2006]), and the matter should be remanded for calculation of attorneys' fees.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Freedman, Manzanet-Daniels and Román, JJ.