E-Z Eating 41 Corp. v H.E. Newport, LLC (2019 NY Slip Op 02458)





E-Z Eating 41 Corp. v H.E. Newport, LLC


2019 NY Slip Op 02458


Decided on April 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2019

Sweeny, J.P., Manzanet-Daniels, Gische, Gesmer, JJ.


653654/12 8852 8851

[*1]E-Z Eating 41 Corp., et al., Plaintiffs-Respondents,
v
H.E. Newport, LLC, et al., Defendants-Appellants.


Rosenberg & Estis, P.C., New York (Jeffrey Turkel of counsel), for appellants.
Wiggin & Dana LLP, New York (Richard Gallucci, Jr. of the bar of the State of New Jersey and the State of Pennsylvania, admitted pro hac vice, of counsel), for respondents.



Orders, Supreme Court, New York County (Shlomo Hagler, J.), entered September 27, 2018, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the causes of action for breach of the lease and breach of the covenant of quiet enjoyment, unanimously reversed, on the law, without costs, and the motion granted.
In September 2008, plaintiffs commenced an action alleging that defendants had informed them that plaintiff tenant E-Z Eating 41 Corp. (EZ41) was obligated under the lease to operate a Burger King on the premises, and seeking, inter alia, a declaration that EZ41 could operate a non-Burger-King fast-food burger restaurant consistent with the lease. The instant complaint, which alleges, inter alia, wrongful eviction, does not allege that defendants physically expelled EZ41 from the premises. Thus, until defendants served plaintiffs with a notice of cancellation of the lease, on March 27, 2009, the only eviction claim that plaintiffs could have asserted was a claim for constructive eviction. However, plaintiffs stopped paying rent as of October 1, 2008. Having elected that remedy, rather than remaining in the premises and paying rent, they are not entitled to damages (see Bostany v Trump Org. LLC, 88 AD3d 553, 554 [1st Dept 2011], citing Frame v Horizons Wine & Cheese, 95 AD2d 514, 519 [2d Dept 1983]; see also Universal Communications Network, Inc. v 229 W. 28th Owner, LLC, 85 AD3d 668, 669 [1st Dept 2011] [the obligation to pay rent under a commercial lease is an independent covenant not suspended by landlord's breach]).
The motion court erred in ruling that the doctrine of laches estopped defendants to assert the affirmative defense of the election of remedies. EZ41's decision to escrow funds after it was determined in March 2009 in the prior action that EZ41 breached the lease does not justify application of this equitable doctrine (see Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 816 [2003], cert denied 540 US 1017 [2003]). Moreover, defendants were granted leave to amend their answer in August 2017, and EZ41 failed to show that it was actually prejudiced by the delay (see id.).
In light of the foregoing, we do not address defendants' remaining arguments.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2019
CLERK