Harlington Realty Co., LLC v Lawrence Plumbing Supply Inc. (2022 NY Slip Op 00045)





Harlington Realty Co., LLC v Lawrence Plumbing Supply Inc.


2022 NY Slip Op 00045


Decided on January 06, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 06, 2022

Before: Kern, J.P., Mazzarelli, Gesmer, González, Higgitt, JJ. 


Index No. 156301/16 Appeal No. 14997 Case No. 2020-04202 

[*1]Harlington Realty Co., LLC, Plaintiff-Respondent,
v
Lawrence Plumbing Supply Inc., et al., Defendants-Appellants.


Paneth & O'Mahony, PLLC, Brooklyn (Michael Paneth of counsel), for appellants.
Law Offices of Bernard D'Orazio & Associates, P.C., New York (Steven G. Yudin of counsel), for respondent.



Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered on or about August 17, 2020, which denied defendants' motions to compel discovery and impose sanctions and to vacate the note of issue, and granted plaintiff's motion for summary judgment as to liability on its breach of contract claims, unanimously affirmed, without costs.
Plaintiff landlord demonstrated its entitlement to summary judgment as to liability on the breach of contract claims against defendant Lawrence Plumbing Supply Inc. under the terms of the lease and against defendant Edward Honig under the terms of the personal guaranty.
The lease obligated Lawrence to pay the full amount of base rent and additional rent through the end of the lease term, without setoff or reduction, regardless of any breach on plaintiff's part (see Blue Water Realty, LLC v Salon Mgt. of Great Neck, Corp., 189 AD3d 496 [1st Dept 2020]; see also Universal Communications Network, Inc. v 229 W. 28th Owner, LLC, 85 AD3d 668, 669 [1st Dept 2011]). Article 4 of the lease prohibits rent offsets in the event of a breach by plaintiff, and expressly provides that Lawrence's only remedy for any alleged breach by its landlord is an action for money damages. Lawrence brought no such action.
Contrary to defendants' argument, there is no early termination provision in the lease or rider that would relieve Lawrence of its rent obligation. The provision defendants rely upon pertains to the personal guaranty only, and its purpose is to protect the guarantor, not to relieve Lawrence of its contractual obligation to pay rent (see 1 Bldg., Inc. v Hong Mei Cheung, 137 AD3d 478 [1st Dept 2016]).
The court providently exercised its discretion in declining to deny plaintiff's motion as premature, given that defendants failed to identify outstanding discovery that would enable them to oppose the motion (see Global Mins. & Metals Corp. v Holme, 35 AD3d 93, 102-03 [1st Dept 2006]; CPLR 3212[f]).
The court providently exercised its discretion in denying defendants' motions to compel additional discovery and impose sanctions and to strike the note of issue, given the extensive discovery already conducted, numerous court conferences and orders, the deposition of three witnesses produced by plaintiff, and the production of an affidavit by its manager that a thorough search had been made for further documents and that all documents discovered had been turned over to defendants (see River Park Associates [1972] L.P. v Richman Plaza Garage Corp., 178 AD3d 422 [1st Dept 2019]). The
additional discovery that defendants seek has no bearing on summary judgment or indeed the case, since, even if plaintiff breached the lease as they claim, under the lease terms, Lawrence had no right to withhold or offset the rent. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 6, 2022