Julien Farel, LLC v Stove Props. USA, Inc. (2025 NY Slip Op 05461)

Julien Farel, LLC v Stove Props. USA, Inc.

2025 NY Slip Op 05461

Decided on October 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 07, 2025

Before: Webber, J.P., Mendez, Pitt-Burke, Higgitt, O'Neill Levy, JJ. 

Index No. 653122/19|Appeal No. 4846|Case No. 2024-05008|

[*1]Julien Farel, LLC, Plaintiff-Appellant, Julien Farel, Counterclaim-Defendant-Appellant,
v
Stove Properties USA, Inc., Defendant/Counterclaim-Plaintiff-Respondent.

Oved & Oved LLP, New York (Glen B. Lenihan of counsel), for appellants.
Rosenberg & Estis, P.C., New York (Norman Flitt of counsel), for respondent.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about July 8, 2024, which, to the extent appealed from as limited by the briefs, granted the motion of defendant-landlord Stove Properties USA, Inc. for leave to reargue pursuant to CPLR 2221(d) its motion for partial summary judgment on its counterclaim against counterclaim defendant-guarantor Julien Farel for breach of guaranty and, upon reargument, granted landlord summary judgment on that counterclaim, unanimously affirmed, without costs.
The court properly granted the motion for leave to reargue because it found that it misapprehended the applicability of Atlantic Specialty Ins. Co. v 600 Partners Co., L.P. (2020 NY Slip Op 33448(U) [Sup Ct, NY County 2020]) to this matter, specifically as to whether water leaks that could not be connected with "a sudden or unexpected event" were a "casualty" or simply a "common occurrence" under the lease. Contrary to appellants' contention, "the law of the case doctrine does not apply when a motion to dismiss is followed by a summary judgment motion" (Moses v Savedoff, 96 AD3d 466, 468 [1st Dept 2012]).
Upon reargument, the court properly granted landlord partial summary judgment on its counterclaim for breach of guaranty. This Court has previously defined the term "casualty" as an "accident" or an "unfortunate occurrence" (Blue Water Realty, LLC v Salon Mgt. of Great Neck, Corp., 189 AD3d 496, 497 [1st Dept 2020] [internal quotation marks omitted]). Additionally, where, as here, "the term 'fire,' as employed in a lease, is placed in the same category with the term 'casualty,' it also clearly evidences a sudden damage-causing event like a fire" (Andreas v 186 Tenants Corp., 208 AD3d 406, 407-08 [1st Dept 2022][internal quotation marks omitted]; see also 45 Broadway Owner LLC v NYSA-ILA Pension Trust Fund, 107 AD3d 629, 632 [1st Dept 2013], lv denied 22 NY3d 852 [2013] ["[w]hile the damage caused by corrosion would not itself be considered a casualty, a sudden and unexpected flood such as the one that occurred here does, in fact fall under the definition of 'casualty,' even if gradual corrosion triggers the sudden event."])
Appellants point to no evidence of a singular or sudden event that triggered the leak in the premises. For this reason, the motion court properly found that plaintiff tenant Julien Farel, LLC could not avail itself of the early termination provision in section 12.10 of the lease. Additionally, "the obligation to pay rent pursuant to a commercial lease is an independent covenant, and thus, cannot be relieved by allegations of a landlord's breach, absent an express provision to the contrary" (Universal Communications Network, Inc. v 229 W. 28th Owner, LLC, 85 AD3d 668, 669 [1st Dept 2011]). A potential abatement to which tenant may be entitled does not affect the money judgment on landlord's counterclaim against guarantor based on tenant's unpaid rent (see International Plaza Assoc., L.P. v Lacher, 104 AD3d 578, 579 [1st Dept 2013]).
We have considered the remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 7, 2025