Amalgamated Dwellings Inc. v East Side Kosher Inc. (2025 NY Slip Op 51999(U))

[*1]

Amalgamated Dwellings Inc. v East Side Kosher Inc.

2025 NY Slip Op 51999(U)

Decided on December 15, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 15, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Perez, Alpert, JJ.

25-108

Amalgamated Dwellings Inc., Petitioner-Respondent, - 
against
East Side Kosher Inc. and "XYZ Corp.," Respondents-Appellants.

Respondents appeal from an order of the Civil Court of the City of New York, New York County (Rena Malik, J.), dated August 8, 2024, which, upon renewal, denied their posteviction motion to vacate a default judgment of possession and warrant of eviction and to be restored to possession in a commercial nonpayment summary proceeding.

Per Curiam.
Order (Rena Malik, J.), dated August 8, 2024, affirmed, with $10 costs.
We find no abuse of discretion in the denial of respondents' application for posteviction relief in this commercial nonpayment proceeding (see 2232-2240 ACP Owner LLC v Teardrops of Elegance, Inc., 76 Misc 3d 138[A], 2022 NY Slip Op 51019[U] [App Term, 1st Dept 2022]). Restoration relief is unavailable because following respondents' eviction and its failure to comply with an order conditionally staying the reletting of the premises, a new tenant is now in possession who has not been made a party to this proceeding (see Eight Assoc. v Hynes, 102 AD2d 746, 748 [1984], affd 65 NY2d 739 [1985]).
In any event, respondents have failed to establish good cause for the relief sought. Even accepting respondents' contention that the parties agreed to extend the deadline to answer the petition to February 6, 2024, respondents failed to answer, or otherwise appear, by that date. Nor did respondents raise a meritorious defense. The handwritten purported arbitration clause agreeing to resolve any disputes between the (unnamed) building management "MGMT" and respondents does not constitute a defense to the underlying nonpayment proceeding or the basis for a motion to dismiss (see Allied Bldg. Inspectors Intl. Union of Operating Engrs., Local Union No. 211, AFL-CIO v Office of Labor Relations of City of NY, 45 NY2d 735, 736 [1978]; Matter of Sassouni, 224 AD3d 693, 695 [2024]), particularly given that the lease agreement expressly authorized petitioner-landlord to commence a summary proceeding to recover possession if respondents-tenants defaulted on their obligation to pay rent (see Lease, Articles 17.2, 18, 66.1).
Finally, respondents' vague allegations that petitioner frustrated their ability to use and enjoy their lease is unavailing, as "the obligation to pay rent pursuant to a commercial lease is an independent covenant, and . . . cannot be relieved by allegations of a landlord's breach, absent an express provision to the contrary" (Universal Communications Network, Inc. v 229 W. 28th [*2]Owner, LLC, 85 AD3d 668, 669 [2011]). The lease required respondents to tender rent payments "without any setoff or deductions whatsoever" and respondents cite to no provision which relieved them of this obligation (see Port Morris Distillery, Inc. v Global Estate LLC, 223 AD3d 483, 484 [2024]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 15, 2025