VERA DENNIS, Respondent, *v.* ROCKEFELLER CENTER, INC., Appellant, and McCANN, MORSE & GROSSMAN, INC., et al., Respondents.

First Department, March 22, 1946.

*Walter L. Glenney* of counsel (*Glenney, Mathews & Hampton,* attorneys), for appellant.

*Roger Hinds* of counsel (*William B. Schrauff* with him on the brief; *Strange, Myers, Hinds & Wight,* attorneys), for plaintiff-respondent.

*Julius S. Christensen* of counsel (*Price, Haskell & Rafferty,* attorneys), for McCann, Morse & Grossman, Inc., defendant-respondent.

*John G. Reilly* of counsel (*Clarke & Reilly,* attorneys), for Dahlstrom Metallic Door Company, Inc., defendant-respondent.

*George J. Conway* of counsel (*George A. Garvey,* attorney), for Energy Electrical Company, defendant-respondent.

PECK, J. Plaintiff was an employee in the Passport Office of the British Government, which, under a lease dating from September 1, 1941, occupied the thirty-fifth floor of the building 630 Fifth Avenue, owned by the defendant Rockefeller Center, Inc. In the latter part of 1942, at the tenant's request and expense, the landlord undertook, through the other defendants as contractors, to repartition the floor space and create new offices and a file room on the south side of the floor for the Passport Office which had been on the north side. This work, although not entirely completed by December 5, 1942, was sufficiently completed for the Passport Office to move into the new location on that day. On December 8, 1942, which was the second day of plaintiff's work in the new location, she turned her foot in a jagged hole about five inches long, four inches wide and one half to three quarters of an inch deep in the file room floor, and sustained a leg injury for which she has recovered a judgment on a jury's verdict of $10,000.

There is no evidence as to when, how or by whom this floor condition was created. It is plaintiff's surmise that it must have been created in the course of the repartitioning work, although plaintiff called no witness to testify as to observing this part of the floor or as to its condition prior to the work. For aught that appears, the condition may have been of the tenant's creation and of long or short duration.

The court charged the jury as to the landlord's responsibility and duty (to which the landlord excepted): "When a landlord has leased a building it is under a duty, which it cannot delegate to anyone else, to maintain the building itself in a reasonably safe condition. * * * When I say ' the building itself,' I refer to the floors, the walls, the ceiling and the staircases as opposed to furniture or equipment which may be brought into the building by a tenant * * *.

"If you find that Rockefeller Center, Inc. created the condition, it is not necessary for you to find that Rockefeller Center, Inc. had notice of that condition. But if you find that Rockefeller Center, Inc. merely permitted the existence of this condition, then you must inquire whether Rockefeller Center, Inc. actually knew, or should, through lapse of time, have known of the existence of this condition; and among other factors which you must consider in answering that question you must consider whether Rockefeller Center, Inc. had access to the portion of the leased premises where the accident is said to have occurred."

The jury was thus permitted, without finding that the landlord or its contractors had created the condition, to fasten liability on the landlord simply by finding that the condition was of such duration that the landlord should have learned of it.

The charge cannot be sustained. Apart from statutory imposition, as in the case of multiple dwellings, a landlord is not liable to employees or invitees of a tenant for the condition of leased premises. (*Cullings* v. *Goetz,* 256 N. Y. 287; *Werter* v. *Samsky,* 268 App. Div. 913.) Plaintiff points out that the landlord operated and managed the building, and had an obligation under the lease to clean the premises, and plaintiff claims the landlord thereby assumed responsibility for the condition of the premises. The management and operation here do not appear to be more than the usual landlord management and operation of an office building, which do not constitute a degree of control of leased space to include responsibility to a tenant's invitee for the condition of leased premises, and mere access to the leased premises for cleaning purposes would not create such responsibility. Whatever might be the landlord's responsibility on a showing that the condition which caused the accident was of its creation, the landlord may not be held, as the charge permitted it to be held, for a condition in leased premises of unidentified origin and duration.

Were there any evidence that the condition which caused the accident was of the defendants' creation, we would order a new

trial. There is no such evidence against any defendant, however. Counsel for plaintiff virtually conceded on the argument of motions to dismiss the complaint at the end of the evidence that no cause of action had been proven against the contractor defendants, one of whom must have created the condition if it was created in the course of the repartitioning work, and the court properly directed a verdict in their favor on both plaintiff's complaint and defendant Rockefeller's cross complaint. Plaintiff was thus driven to the position, in arguing her claim against Rockefeller, that the paramount and nondelegable duty of the landlord to keep a safe place for office employees would support her cause of action. As there was no such duty resting upon the landlord, and as plaintiff wholly failed to adduce evidence that the condition was of the landlord's creation, we are obliged to dismiss the complaint.

The judgment insofar as it is in favor of the plaintiff and against defendant-appellant should be reversed, with costs to the appellant, and the complaint dismissed, with costs. Insofar as the judgment is in favor of defendants-respondents against plaintiff, it should be affirmed, without costs. Insofar as the judgment dismisses the cross complaint of defendant-appellant against defendants-respondents, it should be affirmed, with costs to defendants-respondents against defendant-appellant.

MARTIN, P. J., DORE, COHN and CALLAHAN, JJ., concur.

Judgment insofar as it is in favor of plaintiff and against defendant-appellant, unanimously reversed, with costs to the appellant, and the complaint dismissed, with costs. Insofar as the judgment is in favor of defendants-respondents and against plaintiff, it is unanimously affirmed, without costs; and insofar as the judgment dismisses the cross complaint of defendant-appellant against defendants-respondents, it is unanimously affirmed, with costs to defendants-respondents against defendant-appellant. Settle order on notice.