ALICE D. ENWRIGHT et al., Claimants, *v.* STATE OF NEW YORK, Defendant. (Claim No. 30068.)

Court of Claims, October 8, 1951.

*Edward F. Crawford for claimants.*

*Nathaniel L. Goldstein, Attorney-General (Joseph A. Drago* of counsel), for defendant.

GORMAN, J. The present claim arises out of an injury sustained by the claimant, Alice D. Enwright, on November 1, 1949. Mrs. Enwright, a resident of building 7, apartment 2, Fort Ontario, Oswego, New York, was injured when she slipped and stumbled in a hole in the macadamized surface of the street on which building 7 fronted.

Fort Ontario Military Reservation, originally a Federal Government reservation, was acquired by the State of New York sometime prior to 1946. Pursuant to article IX-A of the Public Housing Law, the State of New York, acting through the Commissioner of Housing, leased the Fort Ontario Military Reservation to the City of Oswego for use as veterans' housing to help alleviate the housing shortage in Oswego. The lease provided that the lessee, the City of Oswego, should keep the property demised in good repair. During the term of the lease, which ran from September 11, 1946, until September 10, 1951, the department of works of the city of Oswego had repaired certain portions of the streets within the housing project area.

Liability for the condition of land terminates when the premises concerned pass from control before injury occurs since liability in tort is incident to possession and control. (*Cullings v. Goetz*, 256 N. Y. 287; *Dennis v. Rockefeller Center*, 270 App. Div. 524.) Certain exceptions to this general rule of freedom from liability on the part of the lessor of demised premises include those stemming from statutory enactments such as the Multiple Dwelling Law and the Tenement House Law (*Tkach v. Montefiore Hosp.*, 289 N. Y. 387) and those instances in which the owner demises property to be used for public purposes, knowing it to be in an unfit condition for such use. (*Junkermann v. Tilyou Realty Co.*, 213 N. Y. 404; *Barrett v. Lake Ontario Beach Improvement Co.*, 174 N. Y. 310.) In addition, a lessor cannot disclaim liability to third persons injured on a public way because of some defective condition of his premises in those instances in which he retains certain indicia of ownership because he owes a duty of care to a member of the public which sprang into being when he assumed ownership of the property. This duty cannot be delegated unless he surrenders complete control of the premises. (*Appel v. Muller*, 262 N. Y. 278; *Zolezzi v. Bruce-Brown*, 243 N. Y. 490.)

The State of New York, in a sincere effort to relieve an acute and pressing public problem, with no expectation of monetary gain to itself, granted the use of certain of its property, in the city of Oswego, to the City of Oswego for emergency veteran housing. One of the conditions attached to this grant entailed the upkeep and repair of the property, and the lessee agreed to perform this condition. During the term of the lease, the City of Oswego assumed its obligation. There is no evidence in the record that the State ever performed any repair of any part of the demised premises which would create an issue of fact, because of repairs made, as to whether there had been a reserva-

tion of a degree of control of the premises. (*Antonsen* v. *Bay Ridge Sav. Bank*, 292 N. Y. 143; *Reische* v. *Montgomery*, 273 App. Div. 824.) We do not believe that the terms of the lease constituted that measure of control necessary to predicate liability on the part of the owner of the property, but rather were reasonable regulations in connection with the use of the property for its intended purpose. "The right of the grantee here is none the less exclusive, because it gives the commissioner the power to prescribe regulations for the use of the property." (*Williams* v. *Hylan*, 126 Misc. 807, 810.)

The claimants, as tenants of the project, were subtenants of the lessee of the entire property, and a lessor owes no greater duty as to repairs to a subtenant than he owes to his lessee. (2 New York Law of Landlord and Tenant, § 838, p. 760; *Jaffe* v. *Harteau*, 56 N. Y. 398; *Williams* v. *Saratoga Co. Agric. Soc.*, 277 App. Div. 742.) There is no evidence that the street on which Mrs. Enwright was injured was in a defective condition at the time of the leasing. Moreover, the contemplated use of the property cannot be categorized as that kind of public use considered and defined in such cases as *Campbell* v. *Holding Co.* (251 N. Y. 446) wherein the lessor knowingly demises defective property for a purpose involving the admission of large numbers of persons as patrons of his lessee.

The claimants have failed to show that the street in question was under the control of the State of New York or that the State owed to them any duty which it has failed to perform. The claims, therefore, must be dismissed.

The foregoing constitutes the written and signed decision upon which judgment may be entered and it is, therefore, unnecessary to pass upon the proposed findings of fact and conclusions of law. (Civ. Prac. Act, § 440.)