■ JOSEPH FIGLER, Respondent, v. DAVID L. SUBIN et al., Defendants-Appellants, DAVID L. SUBIN et al., Third-Party Plaintiffs-Appellants, v. FRANCIS H. LEGGETT & Co., Third-Party Defendant-Respondent.— In a negligence action to recover damages for personal injury, in which the defendants David L. Subin and Hemmerdinger Estate Corp., as third-party plaintiffs, interposed a third-party complaint against the third-party defendant Francis H. Leggett & Co., said defendants Subin and Hemmerdinger and the defendant Atlas Terminals, Inc., appeal from so much of a judgment of the Supreme Court, Queens County, entered May 21, 1962 after trial, upon a jury's verdict, as is in plaintiff's favor against said defendants for $165,220; and said defendants-third-party plaintiffs appeal also from so much of said judgment as is in favor of the third-party defendant against them. Judgment in plaintiff's favor reversed on the law, without costs, and complaint dismissed. The findings of fact implicit in the jury's verdict are affirmed. Appeal from the judgment, insofar as it relates to the third-party complaint, is dismissed as academic. Defendants Subin and Hemmerdinger Estate Corp. own a warehouse building which had been leased in its entirety by the prior owner to the third-party defendant (Leggett) as sole tenant. Defendant Atlas Terminals, Inc., is the managing agent of the premises. Plaintiff, an employee of Leggett, was injured when his left shoe caught on a corner of a steel plate which was raised about two inches above the floor in the said premises. The original lease, executed July 18, 1934, under which Leggett was in exclusive possession and control of the warehouse as sole tenant, provided that the lessor was to be responsible for outside and structural repairs, including the lessor's machinery and equipment. The lease provided also that all stairways and floor were to be put in good condition and that iron plates (eight feet in width) were to be installed along the entire length of the building. At or about the time of the execution of the lease in 1934, steel plates were placed on the floors of the warehouse by the lessor. Only the tenant (Leggett) had a key to the warehouse; the employees of the defendant Atlas (the managing agent) would enter the premises to make routine repairs whenever requested to do so by the tenant (third-party defendant Leggett). In our opinion, under the terms of the lease no duty or obligation to keep the steel floor plates in good repair was imposed either upon the defendant owners or the managing agent (Atlas). A landlord's obligation to repair in any case rests solely on express covenant. Without an express undertaking to repair the demised premises, the lessor is neither bound to do so himself nor to pay for repairs made by the tenant (*Witty* v. *Matthews*, 52 N. Y. 512; *Dennis* v. *Rockefeller Center*, 270 App. Div. 524, affd. 296 N. Y. 741; 2A Warren, Negligence, pp. 392–393). Furthermore, Leggett, the third-party defendant, in a letter to the defendant Atlas, dated September 13, 1955, more than a year before the accident acknowledged that the concrete floors were to be repaired at its own expense, "since under our lease this is an obligation of ours." This practical interpretation by one of the parties to the lease is a consideration to be given great weight. Parties in such cases "often claim more, but rarely less, than they are entitled to" (*Insurance Co.* v. *Dutcher*, 95 U. S. 269, 273; *Woolsey* v. *Funke*, 121 N. Y. 87, 92). Ughetta, Kleinfeld, Brennan and Hill, JJ., concur; Beldock, P. J., dissents and votes to affirm the judgment, with the following memorandum. The owners of the building had obligated themselves under the lease to install steel plates. This they did in 1934. They obligated themselves also to make all repairs to all equipment owned by them. That defendants actually maintained the steel plates and even turned them over when they buckled was testified to by Leggett's superintendent, Pearsall, and by Atlas' superintendent, Degan. The latter also said that repairs

to the plates were always made by Atlas. That defendants had freedom of access to Leggett's premises is clear from Degan's testimony to the effect that he visited this building once or twice a week and went through all the floors. In my opinion, this combination of facts is sufficient to establish defendants' liability (*Miller* v. *Morse*, 9 A D 2d 188).