THOMAS HOWELL et al., Respondents, v JOSEPH GAGLIANO, Appellant.—Order unanimously affirmed, without costs. Memorandum: Defendant appeals from an order of Supreme Court, Monroe County which denied defendant's motion for an order granting summary judgment. Plaintiff, Diane Howell, was injured when she fell from a porch attached to a home in which she and her husband were tenants of defendant, the owner, under the terms of a month-to-month tenancy. Defendant's motion for summary judgment was based on the grounds that there were no facts in the record indicating that the defendant owed a duty to the plaintiffs to keep the leased premises in repair and that in the absence of such duty no liability attached to the defendant-owner relative to plaintiff's injuries. The plaintiffs' pleadings relied on two theories of negligence, namely, that the defendant was negligent under the common law and that defendant was negligent under the statutory law (Code of the City of Rochester, New York, ch 90 [Property Code]). The law is well settled in this State that in the absence of a statutory requirement or an express covenant to repair, there is no implied obligation or duty on the part of a landlord to make repairs to leased premises. The long established rule is "that the landlord is not generally liable for injury sustained by the tenant * * * through a defective condition of that part of the premises which is in the exclusive control of the tenant" (2B Warren's Negligence, ch 61, § 4.10, p 383). Absent a covenant to repair, the owner of residential property is held liable for injuries to his tenant when premised upon a defective condition of the property only when the facts justify the conclusion that control has been

retained (*De Clara v Barber S. S. Lines,* 309 NY 620; *Noble v Marx,* 298 NY 106). In *Ritto v Goldberg* (27 NY2d 887, 889) it was stated, "It has been held uniformly that control is the test which measures generally the responsibility in tort of the owner of real property [citations omitted]". *Putnam v Stout* (38 NY2d 607), in overruling *Cullings v Goetz* (256 NY 287), is not inapposite in that the issue of control there rendered nugatory is confined to those factual situations involving express covenant by the landlord to repair, not here existent. Plaintiffs allege breach of a statutory duty in that defendant violated a provision contained in chapter 90 of the Code of the City of Rochester, New York which, under section 90-23 thereof, establishes the obligation of maintenance and repairs on the part of the landlord under the circumstances outlined in the pleadings and testimony before us. Bearing in mind that the injuries to the plaintiff, Diane Howell, occurred when the rail of a porch collapsed, we may look to section 90-20(C)(2) of the Rochester Code which provides, "Every floor, exterior wall, roof and porch, or appurtenance thereto, shall be maintained in a manner so as to prevent collapse of the same or injury to the occupants of the building or to the public". Therefore, in view of the conflicting testimony presented as to the question of control of the premises, combined with the alleged ordinance violation, Special Term's denial of defendant's motion for summary judgment was in all respects proper. (Appeal from order of Monroe Supreme Court—summary judgment—negligence.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Dillon, JJ.