■ CHARLES BOMRAD, Respondent, v VAN CURLER TRUCKING CORP., Appellant. — Order and judgment unanimously modified, on the law, and, as modified, affirmed, with costs to plaintiff, in accordance with the following memorandum: Defendant Van Curler Trucking Corporation appeals from an order granting plaintiff's motion for summary judgment in his first cause of action seeking unpaid rent and denying its motion for summary judgment in its breach of contract counterclaims. In March of 1980, the parties entered into an agreement in which defendant leased a warehouse located in Syracuse, New York, from plaintiff. During the term of the lease, defendant determined that the

roof of the leased premises was in need of repair. Although plaintiff refused to authorize the repairs, defendant engaged contractors to replace the roof and subsequently paid the invoice when the work was completed. When plaintiff failed to reimburse defendant for the repairs, defendant refused to pay the monthly rent for the Syracuse facility. Special Term properly granted summary judgment to plaintiff, since the affirmative defense that a landlord has failed to make necessary repairs is insufficient to defeat an action for unpaid rent (*Barash v Pennsylvania Term. Real Estate Corp.*, 26 NY2d 77; *Perry Props. v Servico Protective Covers*, 59 AD2d 1014). Inasmuch as the lease contained no express covenant to repair, plaintiff was not obligated to make repairs to the leased premises or to pay for the repairs made by plaintiff (*Howell v Gagliano*, 52 AD2d 1040; *Figler v Subin*, 18 AD2d 702, *affd* 14 NY2d 740). Nor does the plaintiff's voluntary repair of the premises in the past obligate him to make repairs thereafter (*Potter v New York, Ontario & W. Ry. Co.*, 233 App Div 578, *affd* 261 NY 489). Finally, we find that the court inadvertently failed to include in its order a determination of plaintiff's motion for summary judgment to dismiss defendant's counterclaims. The Appellate Division is a division of the Supreme Court (*see,* NY Const, art VI, §§ 4, 7) and shares that court's power to search the record and award summary judgment in such instances (*cf. Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106). The order is, therefore, modified to grant summary judgment to plaintiff, dismissing defendant's counterclaims in the first cause of action. (Appeal from order and judgment of Supreme Court, Monroe County, Conway, J. — summary judgment.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and O'Donnell, JJ.