■ CYNTHIA POLAK et al., Doing Business as MAIN RAIL INN, Respondents, v BUSH LUMBER COMPANY, Appellant.—Mahoney, P. J. Appeal from an order of the Supreme Court (Hughes, J.), entered November 16, 1989 in Schoharie County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiffs owned and operated a tavern business, known as the Main Rail Inn, located inside a 110-year-old building owned by defendant and situated in the Village of Middleburgh, Schoharie County. Plaintiffs rented the first floor of the three-story building from defendant without a lease as month-to-month tenants since 1981. On the evening of April 17, 1987, approximately 30 square feet of brick fell from the third floor facade of the building onto the sidewalk and street below. The building was immediately evacuated by public officials and, apparently, condemned pending repairs by defendant. Plaintiffs were allowed access to the building and removed equipment and other salvageable items.

Plaintiffs subsequently commenced this action alleging that defendant, by way of its operation and control of the second and third floors of the building, negligently failed to maintain same, causing the front facade to fall and the resulting closure of plaintiffs' business. The complaint alleges that defendant had prior knowledge of defects in the building's structure and

that defendant's negligence resulted in damages to plaintiffs, which included loss of property and business income.

Defendant moved to dismiss the complaint arguing, *inter alia,* that plaintiffs, as tenants, were precluded from recovery due to the lack of any expressed warranties or fraud on defendant's part as landlord. Plaintiffs opposed the motion, arguing that issues of fact existed concerning defendant's care of the building and the reasonableness with which it sought to repair the damage to the premises. Supreme Court denied the motion, finding that, as a suit grounded in common-law negligence rather than one based on a commercial lease tenancy, plaintiffs' claim states a cause of action for which factual issues exist. Defendant now appeals.

We affirm. Defendant correctly notes that, absent an expressed covenant, a landlord cannot be held liable for damages caused by his failure to repair leased premises *(see, Collegetown of Ithaca v Friedman,* 110 AD2d 955, 956; *Bomrad v Van Curler Trucking Corp.,* 109 AD2d 1067, 1068; *Howell v Gagliano,* 52 AD2d 1040). A landlord is also not bound by statutory covenant or warranty of habitability where commercial nonresidential rental property is involved *(see,* 74 NY Jur 2d, Landlord and Tenant, § 181, at 225). As Supreme Court rightly concluded, however, it is defendant's occupation or control of the upper floors of the building that form the basis of its potential liability. A landlord has a duty as an owner to "use reasonable care in keeping in suitable condition such portions of the premises as are subject to his control" *(Garrity v Propper,* 209 App Div 508, 509). Furthermore, as an owner of adjoining premises, defendant had a duty to maintain that portion of the building within his control in a reasonably safe condition so that it would not cause injury to neighboring premises *(see,* 4A Warren, Negligence in the New York Courts, Adjoining Property, § 2.03, at 14 [2d ed]; Prosser and Keeton, Torts § 57, at 387). As questions of fact exist as to defendant's use and maintenance of the upper floors of the building where the falling facade was located, as well as to the measure of damages, if any, resulting therefrom, Supreme Court properly denied the motion.

Order affirmed, with costs. Mahoney, P. J., Casey, Mikoll, Levine and Mercure, JJ., concur.