■ 428 CAMERA CORP., Doing Business as WILLOUGHBY's KONICA IMAGING CENTER, Appellant, v TANDY CORPORATION, Respondent, et al., Defendant. [707 NYS2d 101] —Judgment, Supreme Court, New York County (Leland DeGrasse, J.), entered January 24, 2000, dismissing the complaint as against defendant main tenant, and bringing up for review an order which, in an action by a commercial subtenant against the main tenant and landlord for a declaration that the main tenant and/or the landlord are responsible for maintaining, repairing or replacing the heating system in the leased premises, and also seeking damages and injunctive relief on theories of partial actual eviction, constructive eviction, and breach of contract, inter alia, granted the main tenant's motion for summary judgment dismissing the complaint as against it, unanimously modified, on the law, to declare that the main tenant has no obligation to maintain, repair or replace the heating system for the premises, and otherwise affirmed, without costs.

While the main lease requires the landlord to supply heat, nothing therein or the sublease, which was made subject to the main lease, requires the main tenant to do so. Thus, if, as the subtenant contends, the lack of heat in the premises is due to a broken HVAC, and if the repairs required to the HVAC are structural within the meaning of the main lease, then the obligation to repair the HVAC is the landlord's, not the main tenant's. Absent a covenant to repair the HVAC by the main tenant, the subtenant can have no cause of action against it on any theory based on its failure to do so (*see, Witty v Matthews*, 52 NY 512, 514; *Bomrad v Van Curler Trucking Corp.*, 109 AD2d 1067). We would also note that the record shows that the subtenant was not physically expelled or excluded from the premises, and that it did not actually abandon the premises, and thus, even if the main tenant were required to repair the HVAC, the subtenant would have no cause of action against it for either an actual partial eviction or a constructive eviction (*see, Barash v Pennsylvania Term. Real Estate Corp.*, 26 NY2d 77, 82-83). Concur—Sullivan, P. J., Nardelli, Tom, Wallach and Lerner, JJ.