26th St. Partners, LLC v Federation of Orgs. for the N.Y. State Mentally Disabled, Inc. (2020 NY Slip Op 02262)





26th St. Partners, LLC v Federation of Orgs. for the N.Y. State Mentally Disabled, Inc.


2020 NY Slip Op 02262


Decided on April 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-13456
 (Index No. 522998/17)

[*1]26th Street Partners, LLC, respondent,
v
Federation of Organizations for the New York State Mentally Disabled, Inc., appellant.


Andrew J. Levitt, Melville, NY, for appellant.
Perry Dean Freedman, Purchase, NY, for respondent.



DECISION & ORDER
In an action to recover damages for breach of a lease, the defendant appeals from a judgment of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated November 1, 2018. The judgment, upon an order of the same court dated October 18, 2018, inter alia, granting the plaintiff's motion for summary judgment on the complaint, is in favor of the plaintiff and against the defendant in the principal sum of $541,903.95.
ORDERED that the judgment is affirmed, with costs.
In December 2015, the parties entered into a lease extension agreement which, among other things, expressly provided that the defendant, the tenant in commercial premises owned by the plaintiff, was required to make all necessary repairs to the demised premises. Subsequently, water began entering the demised premises from an unspecified source, causing significant flooding and mold growth. The defendant vacated the demised premises on November 1, 2017. The plaintiff thereafter commenced this action to recover damages for unpaid rent under the lease extension agreement. By order dated October 18, 2018, the Supreme Court, inter alia, granted the plaintiff's motion for summary judgment on the complaint. The defendant appeals from the subsequent judgment dated November 1, 2018.
" To create a binding contract, there must be a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms. . . . Generally, courts look to the basic elements of offer and acceptance to determine whether there is an objective meeting of the minds sufficient to give rise to a binding enforceable contract'" (1912 Newbridge Rd., LLC v Liantonio, 172 AD3d 962, 963-964, quoting Agosta v Fast Sys. Corp., 136 AD3d 694, 694; see Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp., 93 NY2d 584, 589). " In determining whether the parties entered into a contractual agreement and what were its terms, it is necessary to look . . . to the objective manifestations of the intent of the parties as gathered by their expressed words and deeds'" (Flores v Lower E. Side Serv. Ctr., Inc., 4 NY3d 363, 368, quoting Brown Bros. Elec. Contr. v Beam Constr. Corp., 41 NY2d 397, 399).
The plaintiff demonstrated its prima facie entitlement to judgment as a matter of law on the complaint by submitting in support of its motion, inter alia, a copy of the lease extension agreement which was executed by the defendant's Chief Financial Officer, Stephen McCarthy, on December 9, 2015, and by the plaintiff's principal, Soheil Darvish, on December 10, 2015. The lease extension agreement provided that the defendant was responsible for making all necessary [*2]repairs to the demised premises. In opposition to the motion, the defendant submitted, among other things, an affidavit from McCarthy, who averred that in December 2015 he received an unsigned copy of the lease extension agreement from the plaintiff, that he executed the lease extension agreement and returned it to the plaintiff, but never received a fully-executed copy of the agreement back from the plaintiff. The defendant also submitted a copy of an email dated December 29, 2015, from Darvish to his former attorney, in which Darvish stated that he had not yet executed the lease extension agreement, and asked whether he should withhold his signature as leverage in an attempt to obtain past-due rent from the defendant. The defendant contended that this evidence raised a triable issue of fact as to whether the parties formed a binding contract.
We agree with the Supreme Court's determination that the defendant identified no triable issue of fact with respect to whether the lease extension agreement was binding upon the parties (see Metropolitan Lofts of NY, LLC v Metroeb Realty 1, LLC, 160 AD3d 632, 635-636). The lease extension agreement imposed no duty upon the plaintiff to repair the demised premises. Consequently, we also agree with the court's determination that the defendant failed to raise a triable issue of fact with respect to a constructive eviction defense (see Bomrad v Van Curler Trucking Corp., 109 AD2d 1067, 1067-1068).
The defendant's contention that a triable issue of fact exists with respect to whether the plaintiff failed to repair portions of the roof beyond the demised premises, raised for the first time on appeal, is not properly before this Court (see Bingham v New York City Tr. Auth., 99 NY2d 355, 359). The defendant's remaining contentions are without merit. Accordingly, we agree with the Supreme Court's determination granting the plaintiff's motion for summary judgment on the complaint.
MASTRO, J.P., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court