**Eserac Realty Corp. v Social Adult Care, Inc.**

2025 NY Slip Op 32123(U)

June 12, 2025

Supreme Court, New York County

Docket Number: Index No. 655631/2021

Judge: Judy H. Kim

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**     **HON. JUDY H. KIM**                    **PART**                **04**

*Justice*

-------------------------------------------------------------------------------X

ESERAC REALTY CORPORATION,

                       Plaintiff,

                       - v -

SOCIAL ADULT CARE, INC., COURTNEY RIOZZI,

                       Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 655631/2021 |
| **MOTION DATE** | 07/27/2022 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40

were read on this motion for             JUDGMENT - SUMMARY       .

Upon the foregoing documents, plaintiff's motions for summary judgment, to strike defendants' affirmative defenses, and to dismiss defendants' counterclaims are granted in part, as set forth below. Defendants' cross-motion to dismiss the complaint is granted as to plaintiff's ejectment claim and is otherwise denied.

## FACTUAL BACKGROUND

Plaintiff is the owner of the building located at 516 West 181st Street, New York, New York (the "Building"). On or about February 2013, plaintiff loaned defendant Courtney Riozzi money to "establish and operate" a senior citizen center on the sixth floor of the Building (the "Premises"), and Riozzi incorporated defendant Social Adult Care, Inc. ("Adult Care") for this purpose (NYSCEF Doc No. 1, complaint at ¶¶1, 8, 34). Adult Care took possession of the Premises on or about March 2013, without a written lease, but "agreed to pay rent in the amount of $30,000 when its business was fully operational" (*id.* at ¶¶49-50). Adult Care began making $30,000.00 payments in July 2015 but stopped paying rent after March 2020 while remaining in the Premises

**655631/2021   ESERAC REALTY CORPORATION vs. SOCIAL ADULT CARE, INC. ET AL**          **Page 1 of 14**
   Motion No.  001

1 of 14

[* 1]

through September 2021 (*id.* at ¶51; *see also* NYSCEF Doc No. 5 Answer at ¶70). On an unspecified date, plaintiff served defendants with a thirty-day notice, dated June 4, 2020, ostensibly terminating the month-to-month tenancy (NYSCEF Doc No. 5 Answer at ¶40).

On August 6, 2020, plaintiff commenced an action against defendants in New York State Supreme Court, New York County under index number 653639/2020, asserting claims to "recover monies lent" and for unjust enrichment, use and occupancy, and ejectment (the "Prior Action"). Defendants interposed an Answer. On September 1, 2021, the Prior Action was dismissed, without prejudice, pursuant to 22 NYCRR 202.27 (NYSCEF Doc No. 73, dismissal order, *Eserac Realty Corporation v Social Adult Care, Inc. et al*, Sup Ct, NY County, index No. 653639/2020). Immediately after the order dismissing that action was filed on NYSCEF, the parties filed a stipulation (the "Stipulation") providing, as relevant here, that plaintiff's claims and defendants' affirmative defenses and counterclaims would be submitted to the Alternate Dispute Resolution ("ADR") Program of the Commercial Division of this Court for disposition (NYSCEF Doc No. 26, stipulation at ¶¶5, 6).

Approximately three weeks later, on September 23, 2021, plaintiff commenced this action asserting substantially the same claims as in the Prior Action[1] (*see* NYSCEF Doc No. 1, complaint). Defendant interposed an Answer, alleging that plaintiff never fixed the Building's broken elevator and malfunctioning HVAC system and failed to correct dangerous conditions on the Premises including falling ceiling tiles, mold, and exposed electrical wires, all of which jeopardized the health of its clients and affected its business (NYSCEF Doc No. 22, answer at ¶¶32, 71). Defendants further alleged that plaintiff interfered in Adult Care's business by demanding that, beginning on November 8, 2019, defendants close the Premises at 5:00 p.m. every

---

[1] In the current action, plaintiff seeks use and occupancy pursuant to RPL §220 whereas plaintiff relied upon RPL §232 in the Prior Action.

**655631/2021   ESERAC REALTY CORPORATION vs. SOCIAL ADULT CARE, INC. ET AL**          **Page 2 of 14**
  **Motion No.  001**

[* 2]

weekday and stay closed all weekend, and changing the locks for the Premises (*id.* at ¶¶50-51). Defendants asserted twenty-eight affirmative defenses and nine counterclaims.

Before discovery commenced, plaintiff filed the instant motion for summary judgment on its third cause of action, seeking use and occupancy from April 2020 through September 2021. Plaintiff contends that summary judgment is appropriate at this early stage of litigation because defendants have conceded in their Answer that they occupied the Premises during this period without paying rent or use and occupancy. In opposition, defendants argue that plaintiff has failed to substantiate the amounts allegedly owed as use and occupancy and that defendants' affirmative defenses and counterclaims preclude summary judgment on this cause of action.

Defendants also cross-move, pursuant to CPLR 3211(a)(1) and (a)(7), to dismiss the complaint and request a referral of this matter to ADR.

## DISCUSSION

### *Defendants' Cross-Motion to Dismiss the Complaint*

Defendants' cross-motion to dismiss the complaint is granted as to plaintiff's ejectment claim, which is mooted by defendants' vacatur of the Premises, and is otherwise denied.

On a motion to dismiss pursuant to CPLR 3211(a)(7), the pleading is afforded a liberal construction, and the court must accept as true the facts alleged in the complaint, accord the pleading the benefit of every reasonable inference, and only determine whether the facts, as alleged, fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83 [1994]). Here, the complaint sets forth facts satisfying the elements of a claim for monies lent, which requires only that plaintiff plead that "defendant owes a sum of money lent" (*JPMorgan Chase Funding, Inc. v Cohan*, 2014 NY Slip Op 32115[U], *2 [Sup Ct, NY County 2014] *citing Manufacturers*

**655631/2021   ESERAC REALTY CORPORATION vs. SOCIAL ADULT CARE, INC. ET AL**          **Page 3 of 14**
   Motion No.  001

3 of 14

[* 3]

*Hanover Trust Co. v. Chemical Bank*, 160 A.D.2d 113, 124 [1st Dept 1990]) as well as for use and occupancy under Real Property Law §220 and unjust enrichment.

The branch of defendants' motion to dismiss the complaint pursuant to CPLR 3211(a)(1), is also denied. On a motion to dismiss pursuant to CPLR 3211(a)(1), "[d]ismissal is warranted only if the documentary evidence submitted utterly refutes plaintiff's factual allegations and conclusively establishes a defense to the asserted claims as a matter of law" (*Amsterdam Hosp. Group, LLC v Marshall-Alan Assoc, Inc.*, 120 AD3d 431, 433 [1st Dept 2014] [internal citations and quotations omitted]). "To be considered documentary," evidence "must be unambiguous and of undisputed authenticity" (*Toribio v 575 Broadway LLC*, 61 Misc 3d 1224(A) [Sup Ct, NY County 2018] [internal citations and quotations omitted]). The material submitted by defendants— text messages and emails between the parties, COVID-19 Executive Orders, and a New York City Department of Buildings complaints page—are not documentary evidence for the purpose of this motion, nor do they conclusively establish a defense to plaintiff's allegations in the complaint.

Neither does the Stipulation warrant dismissal of this action or referral to ADR. Per the Supreme Court New York County Commercial and Mediation Rules, entry into the ADR program by stipulation of the parties requires that the stipulation is first so ordered by the assigned justice. This prerequisite was not satisfied here, as the Prior Action was dismissed prior to the parties' submission of the Stipulation to the court, the Stipulation was never so ordered. In any event, the parties entered court-sponsored mediation while this motion was sub judice, which was unsuccessful (*see* NYSCEF Doc Nos. 42-43).

### *Plaintiff's Motion to Dismiss Defendants' Counterclaims.*

Plaintiff's motion to dismiss defendants' counterclaims is granted, in part. Defendants' answer asserts counterclaims for: (1) negligence based upon plaintiff's failure to repair the

**655631/2021 ESERAC REALTY CORPORATION vs. SOCIAL ADULT CARE, INC. ET AL** **Page 4 of 14**
Motion No. 001

4 of 14

[* 4]

Building and Premises and failure to provide rental receipts needed for defendants' application for emergency funds; (2) breach of the implied warranty of habitability; (3) fraud; (4) impleader; (5) retaliation; (6) harassment; (7) intimidation; (8) "reverse piercing of the corporate veil"; and (7) attorney's fees[2] (NYSCEF Doc No. 5, verified answer and counterclaims).

The branch of plaintiff's motion to dismiss defendants' negligence counterclaim is denied. Defendants' allegations that it was unable to apply for certain grants because plaintiff failure to provide defendants with information states a negligence claim. Whether, as plaintiff maintains, it was not required to provide such assistance and defendants would not have been eligible for such grants in any event are issues of fact to be resolved through discovery, rather than grounds for dismissal of this counterclaim.

Defendants also state a negligence claim through allegations of hazardous conditions in the Building and Premises that plaintiff failed to address. "A landlord is generally not liable for negligence with respect to the condition of property after the transfer of possession and control to a tenant unless the landlord is either contractually obligated to make repairs and/or maintain the premises or has a contractual right to reenter, inspect and make needed repairs at the tenant's expense and liability is based on a significant structural or design defect that is contrary to a specific statutory safety provision" (*Quing Sui Li v 37-65 LLC*, 114 AD3d 538, 539 [1st Dept 2014] [internal citations omitted]). Defendants have sufficiently alleged that plaintiff had an obligation, presumably under the parties' oral agreement, to maintain the Building and Premises yet failed to do so, leading to dangerous conditions including falling ceiling tiles, mold, and exposed electrical wires that harmed Adult Care's business (*see Dance Magic, Inc. v Pike Realty, Inc.*, 85 AD3d 1083, 1088-89 [2d Dept 2011] ["a triable issue of fact exists as to whether the

---

[2] This list does not reflect the order these counterclaims are pled in defendants' Answer, which attempts to improperly plead multiple disparate claims within one counterclaim.

**655631/2021  ESERAC REALTY CORPORATION vs. SOCIAL ADULT CARE, INC. ET AL**                    **Page 5 of 14**
**Motion No.  001**

[* 5]

defendants breached their duty to the plaintiffs by failing to remedy the chronic leaks emanating from" the floor directly above plaintiffs]). Whether plaintiff controlled the areas of the Building from which these hazardous conditions stemmed presents another potential avenue for liability the resolution of which will require discovery (*see Polak v Bush Lbr. Co.*, 170 AD2d 932, 933 [3d Dept 1991] ["As questions of fact exist as to defendant's use and maintenance of the upper floors of the building where the falling facade was located …"]).

Plaintiff argues that no negligence counterclaim lies because plaintiff has no duty to maintain the Building or Premises as a matter of law. because "no duty rests upon the landlord to repair premises which he has demised, or to keep them in tenantable condition, and that there can be no obligation to repair except such as may be created by the agreement of the landlord so to do" (*Schick v Fleischhauer*, 26 AD 210, 211 [1st Dept 1898] [emphasis added] citing *Witty v Matthews*, 52 NY 512, 512 [1873]). Contrary to plaintiff's interpretation, however, the nineteenth century cases on which it relies do not stand for the proposition that absent a written lease no such duty can ever exist. Rather, these cases and their more recent analogues involve parties to a written lease and stand for the proposition that, where a written lease exists, a landlord will not have a duty to repair unless it is set forth in that lease (*see Collegetown of Ithaca v Friedman,* 110 AD2d 955, 956 [3d Dept 1985]; *see also Bomrad v Van Curler Trucking Corp.,* 109 AD2d 1067, 1068 [4th Dept 1985]). Accordingly, the lack of a written lease here renders these cases inapposite.

Finally, plaintiff's argument that defendants' failure to submit proof of these hazardous conditions mandates dismissal of the negligence claim also fails—on this motion, the Court is concerned only with the four corners of the pleadings (*see e.g. Siegmund Strauss, Inc. v E. 149th Realty Corp.*, 104 AD3d 401, 403 [1st Dept 2013]).

[* 6]

Plaintiff's motion to dismiss defendants' harassment counterclaim is also denied. Defendants are, presumably, relying on Administrative Code §22-902, "which bars landlords from committing harassment (as statutorily defined) against commercial tenants" (*721 Borrower LLC v Premier Digital Equip. Services Inc.*, 83 Misc 3d 1211(A) [Sup Ct, NY County 2024]) and defendants' allegations that plaintiff changed the locks to the Premises, stopped defendants from opening on the weekend, and failed to make repairs allege conduct that interfered with defendants' business and "would reasonably cause a commercial tenant to vacate covered property, or to surrender or waive any rights under a lease" (*451-453 Park Ave. S. Corp. v Lifelab, LLC*, 2023 NY Slip Op 31956[U], 13 [Sup Ct, NY County 2023] [internal citations omitted]; *see also Namdor, Inc. v Blvd. Retail LLC*, 2024 NY Slip Op 30046[U], 24 [Sup Ct, NY County 2024]).

Plaintiff's motion is granted as to the remainder of the counterclaims, because impleader and "reverse piercing of the corporate veil" are not cognizable counterclaims, defendants failed to plead any misrepresentation to support a fraud claim (*see Cremosa Food Co., LLC v Amella*, 130 AD3d 559, 560 [2d Dept 2015]), no implied warranty of habitability counterclaim lies for a commercial tenant (*see iPayment, Inc. v Silverman*, 192 AD3d 586, 587 [1st Dept 2021]; *see also Rivera v JRJ Land Prop. Corp.*, 27 AD3d 361, 364 [1st Dept 2006]) and there is no independent cause of action to recover attorney's fees, whether pursuant to 22 NYCRR 130-1.1 (*see The N. Flatts LLC v Belkin Burden Goldman, LLP*, 217 AD3d 427, 428 [1st Dept 2023]), contrast, or statute (*see Motichka v MP 1291 Tr.*, 2020 NY Slip Op 31373[U], 7 [Sup Ct, NY County 2020]).

*Plaintiff's Motion to Strike Defendants' Affirmative Defenses*

Plaintiff's motion to strike defendants' affirmative defenses is granted in part. Initially, the motion is denied as to defendants' eighth defense—that defendants repaid a portion of plaintiff's loan and that some of the loan was spent on work that was, in fact, the responsibility of plaintiff—

655631/2021 ESERAC REALTY CORPORATION vs. SOCIAL ADULT CARE, INC. ET AL Page 7 of 14
Motion No. 001

7 of 14

because these are viable defenses to plaintiff's claim for monies lent. The motion is also denied as to defendants' eleventh affirmative defense, General Obligations Law §5-321, which prohibits agreements exempting lessors from liability for negligence. Whether this statute has any bearing here remains to be seen, given the undisclosed terms of the oral lease at issue. Finally, the motion is denied as to defendants' affirmative defenses seeking offsets based on plaintiff's alleged negligence in failing to correct dangerous conditions in the Building (their fifteenth, nineteenth and twenty-fifth affirmative defenses) and defendants' loss of revenue from plaintiff's alleged harassment (the twenty-third affirmative defense), for the reasons set forth above.

Plaintiff's motion is granted as to defendants' remaining affirmative defenses. Defendants' first affirmative defense, alleging inadequate service of process, is belied by plaintiff's unrebutted affidavits of service (*see* NYSCEF Doc No. 2-4). Defendants' second affirmative defense, that the complaint was not properly verified is denied because defendant does not allege, let alone establish, any prejudice from the undated verification page (*see Matter of BNB Bank v Healthfirst PHSP*, 193 AD3d 525 [1st Dept 2021] ["the lack of verification is a defect that may be ignored because Antoine failed to show that any substantial right of his was prejudiced by it"]). Defendants' third affirmative defense, that the complaint fails to state a cause of action, is mooted by the denial of defendants' cross-motion to dismiss the complaint. Defendants' fourth and fifth affirmative defenses, unclean hands and equitable estoppel, are equitable defenses "unavailable in an action exclusively for damages" (*Avamer 57 Fee LLC v Gorgeous Bride, Inc.*, 2022 NY Slip Op. 31453[U], 9 [Sup Ct, NY County 2022] [internal citations omitted]). Defendants' sixth and twenty-sixth affirmative defenses, that their vacatur of the Premises moots or otherwise undercuts plaintiff's ejectment claim, are mooted by the dismissal of that claim. Plaintiff's ninth affirmative defense, that plaintiff "overcharged" Adult Care for its rental of the Premises, is not a cognizable

655631/2021 ESERAC REALTY CORPORATION vs. SOCIAL ADULT CARE, INC. ET AL Page 8 of 14
Motion No. 001

8 of 14

[* 8]

affirmative defense. Defendants' tenth affirmative defense, sounding in breach of the implied warranty of habitability, is dismissed because no implied warranty of habitability exists for commercial tenants (*see 20 Broad St. Owner LLC v Sonder USA, Inc.*, 230 AD3d 1048, 1049 [1st Dept 2024]). Defendants' twelfth, thirteenth, and eighteenth affirmative defenses, sounding in fraud, are dismissed, as defendants' Answer does not allege any specific misrepresentation by plaintiff, as required by CPLR 3016(b). Defendants' sixteenth, twentieth, and twenty-eighth affirmative defenses, for sanctions, are denied because this is not a cognizable affirmative defense. Defendants' twenty-second affirmative defense, asserting frustration of purpose, impossibility of performance, and force majeure due to the COVID-19 pandemic, is also dismissed because "the pandemic cannot serve to excuse a party's lease obligations on the grounds of frustration of purpose or impossibility" (*see Fives 160th, LLC v Zhao*, 204 AD3d 439 [1st Dept 2022]; see also *Durst Pyramid LLC v Silver Cinemas Acquisition Co.*, 222 AD3d 431 [1st Dept 2023]). Defendants' remaining affirmative defenses—impleader, reference to the Commercial Division, statute of limitations, and a blanket denial of wrongdoing—are not cognizable affirmative defenses and are, in any event, conclusory boilerplate (*see Bd. of Managers of Park Ave. Ct. Condominium v Sandler*, 48 Misc 3d 1230(A) [Sup Ct, NY County 2015] citing *Kronish Lieb Weiner & Hellman LLP v Tahari, Ltd.*, 35 AD3d 317, 319 [1st Dept 2006]).

*Plaintiff's Motion for Summary Judgment*

Plaintiff's motion for summary judgment on its claim for use and occupancy is granted as to Adult Care and otherwise denied. "The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). "Once this showing has been made, however, the burden shifts to the

655631/2021   ESERAC REALTY CORPORATION vs. SOCIAL ADULT CARE, INC. ET AL                     Page 9 of 14
Motion No. 001

9 of 14

party opposing the motion for summary judgment to produce evidentiary proof in admissible form, sufficient to establish the existence of material issues of fact which require a trial of the action" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In reviewing a motion for summary judgment, the Court "must view the evidence in the light most favorable to the nonmoving party, including drawing all reasonable inferences in favor of the nonmoving party" (*Vega v Metro. Transportation Auth.*, 212 AD3d 587, 588 [1st Dept 2023]).

Plaintiff's motion for summary judgment against Riozzi is denied. The complaint alleges that Riozzi incorporated Adult Care to operate a business in the Premises. While plaintiff also asserts in the complaint that Riozzi has abused the corporate form for her own personal benefit, these bald claims are insufficient without substantiating evidence to permit this Court to pierce the corporate veil to hold Riozzi liable.

The motion is, however, granted as against Adult Care. Real Property Law §220 provides that: "[t]he landlord may recover a reasonable compensation for the use and occupation of real property, by any person, under an agreement, not made by deed; and a parol lease or other agreement may be used as evidence of the amount to which he is entitled" (RPL §220). As it is undisputed that Adult Care occupied the Premises from April 2020 through September 2021 without paying, the only question to resolve is the reasonable compensation to which plaintiff is entitled for this period.

"The reasonable value of use and occupancy is the fair market value of the premises after the expiration of the lease, and it is the landlord, not the tenant, who has the burden of proving reasonable value of use and occupancy" (*Mushlam, Inc. v Nazor*, 80 AD3d 471, 472 [1st Dept 2011] [internal citations omitted]). "Although the court may look to the amount of rent paid under a prior lease between the parties in setting use and occupancy, prior rent is only probative, not

655631/2021   ESERAC REALTY CORPORATION vs. SOCIAL ADULT CARE, INC. ET AL          Page 10 of 14
Motion No.  001

10 of 14

dispositive, on the issue" (*43rd St. Deli, Inc. v Paramount Leasehold, L.P.*, 107 AD3d 501 [1st Dept 2013] [internal citations omitted]). "Since this suit is, in part, based upon plaintiff tenant's alleged default, and defendant landlord alleges that the lease has lapsed, making plaintiff a holdover tenant, it would be premature to find that the rent under the lease is the correct […] payment" (*id.* at 501-02) and the Court refers the issue of the fair market value of the Premises for April 2020 through September 2021 to a Special Referee

Defendants' extant negligence and harassment counterclaims do not preclude summary judgment. A tenant's "obligation to pay rent pursuant to a commercial lease is an independent covenant, and thus, cannot be relieved by allegations of a landlord's breach, absent an express provision to the contrary" (*Universal Communications Network, Inc. v 229 W. 28th Owner, LLC*, 85 AD3d 668, 669 [1st Dept 2011] [internal citations omitted]). As such, defendants' allegations that landlord has failed to make necessary repairs is insufficient to preclude summary judgment (*see Towers Org., Inc.* at 598-99 [1st Dept 1990]; *see also Bomrad v Van Curler Trucking Corp.*, 109 AD2d 1067, 1068 [4th Dept 1985]). Similarly, defendants' harassment counterclaim does not serve as a defense to summary judgment but, "if successful, would offset the amount of delinquent rent or other sum for which a court finds such commercial tenant is liable to landlord" (*721 Borrower LLC v Premier Digital Equip. Services Inc.*, 83 Misc 3d 1211(A) [Sup Ct, NY County 2024]).

Accordingly, it is

**ORDERED** that defendants' cross-motion to dismiss the complaint is granted to the extent that plaintiff's fourth cause of action, for ejectment, is dismissed, and is otherwise denied; and it is further

[* 11]

**ORDERED** that the branch of plaintiff's motion to strike defendants' affirmative defenses is granted as to plaintiff's first, second, third, fourth, fifth, sixth, seventh, ninth, tenth, twelfth, thirteenth, fourteenth, sixteenth, seventeenth, eighteenth, twentieth, twenty-first, twenty-second, twenty-third, twenty-sixth, twenty-seventh, and twenty-eighth causes affirmative defenses and denied as to defendants' eighth eleventh, fifteenth, nineteenth, twenty-fourth and twenty-fifth affirmative defenses; and it is further

**ORDERED** that the branch of plaintiff's motion to dismiss defendants' counterclaims is granted as to the first counterclaim (to the extent it includes claims based upon the implied warranty of habitability and fraud), and the second, third, sixth, seventh, eighth and ninth counterclaims and is denied as to the first counterclaim (to the extent it asserts a negligence counterclaim), fourth counterclaim, and fifth counterclaims; and it is further;

**ORDERED** that plaintiff's motion for summary judgment on its third cause of action is denied as against Courtney Riozzi and granted, as to liability, as against defendant Social Adult Care, Inc. with the issue of damages (i.e., the amount of the fair market value of Social Adult Care, Inc.'s use and occupancy of the Premises), referred to a Special Referee to hear and report or, on consent of the parties, to hear and determine, in accordance with CPLR §4317(b); and it is further

**ORDERED** that the powers of the JHO/Special Referee shall not be limited beyond the limitations set forth in the CPLR; and it is further

**ORDERED** that this matter is hereby referred to the Special Referee Clerk (Room 119M, 646-386-3028 or spref@nycourts.gov) for placement at the earliest possible date upon which the calendar of the Special Referees Part (Part SRP), which, in accordance with the Rules of that Part, shall assign this matter to an available JHO/Special Referee to hear and report as specified above; and it is further

**655631/2021   ESERAC REALTY CORPORATION vs. SOCIAL ADULT CARE, INC. ET AL**          **Page 12 of 14**
  **Motion No.  001**

12 of 14

**ORDERED** that within thirty days of entry of this order, plaintiff shall serve a copy of this order, with notice of entry, upon all parties and upon the Special Referee Clerk (Room 119M) to arrange a calendar date for the reference to a Special Referee; and it is further

**ORDERED** that the parties shall immediately consult one another and counsel for plaintiff shall, within fifteen days from the date of this Order, submit to the Special Referee Clerk by fax (212-401-9186) or email, an Information Sheet (which can be accessed at the "References" link on the court's website) containing all the information called for therein and that, as soon as practical thereafter, the Special Referee Clerk shall advise counsel for the parties of the date fixed for the appearance of the matter upon the calendar of the Special Referees Part; and it is further

**ORDERED** that the parties shall appear for the reference hearing, including with all witnesses and evidence they seek to present, and shall be ready to proceed, on the date first fixed by the Special Referee Clerk subject only to any adjournment that may be authorized by the Special Referees Part in accordance with the Rules of that Part; and it is further

**ORDERED** that the hearing will be conducted in the same manner as a trial before a Justice without a jury (CPLR 4320[a]) (the proceeding will be recorded by a court reporter, the rules of evidence apply, etc.) and the trial of the issues specified above shall proceed from day to day until completion, except as otherwise directed by the assigned JHO/Special Referee for good cause shown; and it is further

**ORDERED** that any motion to confirm or disaffirm the Report of the JHO/Special Referee shall be made within the time and in the manner specified in CPLR 4403 and Section 202.44 of the Uniform Rules for the Trial Courts; and it is further

**ORDERED** that the parties are to appear for a preliminary conference in Part 4 (80 Centre Street, room 308) on July 17, 2025, at 9:30 am; and it is further

**655631/2021  ESERAC REALTY CORPORATION vs. SOCIAL ADULT CARE, INC. ET AL**          **Page 13 of 14**
**Motion No.  001**

**ORDERED** that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "EFiling" page on this court's website).

This constitutes the decision and order of the Court.

6/12/2025
DATE

HON. JUDY H. KIM, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

655631/2021   ESERAC REALTY CORPORATION vs. SOCIAL ADULT CARE, INC. ET AL          Page 14 of 14
Motion No.  001

14 of 14

[* 14]