14 Broadway Valhalla, LLC v Mendez (2025 NY Slip Op 03784)

14 Broadway Valhalla, LLC v Mendez

2025 NY Slip Op 03784

Decided on June 25, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LARA J. GENOVESI
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2022-01702
 (Index No. 54265/19)

[*1]14 Broadway Valhalla, LLC, respondent,
v
Jose M. Arellano Mendez, etc., appellant.

Jose M. Arellano Mendez, Flushing, NY, appellant pro se.
Peter B. Ackerman, White Plains, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of a lease, the defendant appeals from a judgment of the Supreme Court, Westchester County (David F. Everett, J.), entered February 23, 2022. The judgment, upon an order of the same court dated February 4, 2022, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the cause of action to recover damages for breach of a lease and dismissing the defendant's counterclaim and denying the defendant's cross-motion for summary judgment dismissing the complaint and on his counterclaim, is in favor of the plaintiff and against the defendant in the principal sum of $19,432.93.
ORDERED that the judgment is affirmed, with costs.
In 2012, the plaintiff, as landlord, entered into a commercial lease with Aussie Doggy Day Spa, Inc. (hereinafter Aussie), as tenant, regarding certain premises in Valhalla. The plaintiff and Aussie's president later executed a lease amendment that provided, among other things, for a reduced rent amount and that the lease was a "Triple Net Lease," such that the tenant would be responsible for all costs and labor necessary to maintain the premises. Aussie subsequently assigned the lease to the defendant via a document dated June 3, 2016, in which the defendant agreed to assume all of Aussie's responsibilities under the lease.
After paying the reduced rent amount set forth in the lease amendment for approximately a year and a half, in February 2018, the defendant vacated the premises and ceased paying rent. The plaintiff subsequently commenced this action, inter alia, to recover damages for breach of the lease. The defendant alleged as an affirmative defense and counterclaim that he was forced to vacate the premises because the plaintiff had not properly maintained the premises.
The Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the cause of action to recover damages for breach of a lease and dismissing the defendant's counterclaim. In opposition to the plaintiff's prima facie showing of its entitlement to judgment as a matter of law, the defendant failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Because the lease imposed no duty upon the plaintiff to maintain the demised premises, the defendant failed to raise a triable issue of fact with respect to his constructive eviction defense or to his counterclaim (see 26th St. Partners, LLC v Federation of Orgs. for the N.Y. State Mentally Disabled, Inc., 182 AD3d 543, 544; Bomrad v Van Curler [*2]Trucking Corp., 109 AD2d 1067, 1068). For the same reason, the court properly denied the defendant's cross-motion for summary judgment dismissing the complaint and on his counterclaim.
The defendant's remaining contentions are improperly raised for the first time in his reply brief (see Roman Catholic Diocese of Albany v Vullo, 42 NY3d 213, 234).
LASALLE, P.J., GENOVESI, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court